(No. 38119.—

THE PEOPLE *ex rel.* Leo Moss, Petitioner, *vs.* FRANK J. PATE, Warden, Respondent.

*Opinion filed January 22, 1964.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY and CORNELIUS E. TOOLE, Assistant Public Defenders, of counsel,) for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for respondent.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Petitioner brings this original *habeas corpus* action pursuant to section 22 of the Habeas Corpus Act (Ill. Rev. Stat. 1961, chap. 65, par. 22, subpar. 2,) seeking release from the penitentiary where he is confined under the following undisputed circumstances: On August 25, 1961, petitioner was sentenced to one year's imprisonment in the Illinois State Farm at Vandalia by the municipal court of Chicago. On October 6, 1961, petitioner was returned to Chicago for a hearing in the criminal court of Cook County on a charge of violation of probation and was sentenced to the penitentiary for not less than one year nor more than two years. On October 27, 1961, petitioner was received at Stateville Penitentiary where a warrant was lodged against him from Vandalia. On July 6, 1963, petitioner was discharged from imprisonment under the one-to-two-year sentence after having served the maximum term thereof. However, he was not set at liberty but was detained in the penitentiary under the warrant from Vandalia and a transfer order from Vandalia to Stateville, where he is serving the balance of the one-year sentence imposed by the municipal court of Chicago on August 25, 1961.

Petitioner contends that he was entitled to a release from custody on July 6, 1963, under the provisions of the act of 1957, relating to merger of sentences, (Ill. Rev. Stat. 1961, chap. 108, par. 49.1,) which state: "If a prisoner serving a sentence for a misdemeanor in any municipal or

county jail, house of correction or workhouse is convicted by a court of a felony carrying a greater sentence in the penitentiary, such court may impose sentence of commitment to the penitentiary. If the court does so impose sentence, the prisoner shall be ordered transferred promptly to the penitentiary and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence."

Respondent intends to retain custody of the petitioner until March 13, 1964, contending that since the Illinois State Farm at Vandalia is not specifically mentioned in the merger statute it must be excluded under the doctrine *expressio unius est exclusio alterius.*

In construing a statute the primary concern is the legislative intent behind its enactment. (*Petterson* v. *City of Naperville,* 9 Ill.2d 233; Ill. Rev. Stat. 1961, chap. 131, par. 1.01.) To arrive at this intent the court may look not only at the language employed in the legislation, but also the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained. *People* v. *Ikerd,* 26 Ill.2d 573, 578; *People* v. *Swartz,* 21 Ill.2d 277; *Mid-South Chemical Corp.* v. *Carpentier,* 14 Ill.2d 514, 517.

We have held the technical name of the institution in which a criminal is confined should not affect his fundamental rights, and that he will be regarded as within the purview of a statute where his situation is embraced by the intention of the act although not within the express letter thereof. *People* v. *Swartz,* 21 Ill.2d 277; *People* v. *Dale* 406 Ill. 238.

The maxim *expressio unius est exclusio alterius* is not a rule of law but only a rule of construction to be used by the courts where the intent of the legislature is not clearly manifest. (*Dick* v. *Roberts,* 8 Ill.2d 215.) If, after proper consideration, the true legislative intent can be ascertained, then no reason remains for using such a rule of construction. It would appear here that among the legislative objectives were the elimination of piecemeal punishment of prisoners by

causing all misdeameanor sentences to merge into and run concurrently with subsequently imposed felony sentences, and alleviation of crowded conditions in county jails and similar institutions. Consideration of these factors discloses no reason to exclude misdemeanants at the State Farm from the provisions of the merger statute.

While respondent, in arguing omission from the merger statute of any reference to the State Farm was intentional, points to several other statutory provisions distinguishing between the State Farm and other correctional institutions, we do not agree that the cited distinctions are relevant in considering the question now before us. The provisions referred to by respondent make escape from the State Farm a felony punishable by a one-to-ten-year sentence to commence at the termination of the original sentence, (Ill. Rev. Stat. 1961, chap. 118, par. 18,) and punish a misdemeanant who escapes from any penal institution by one year's imprisonment elsewhere than in the petitentiary. (Ill. Rev. Stat. 1961, chap. 38, par. 31—6.) While we do not propose to indicate the construction to be given those statutes, we do note that the persuasive effect of this argument is diminished by the fact that reason might be found for differentiating between escapes from various types of walled and unwalled penal institutions having varying degrees of security measures, while similar reason for differentiation in application of the merger statute would be nonexistent.

In our judgment, a holding that the merger statute is inapplicable to misdemeanants at the State Farm would raise serious question as to the validity of the statute, and we have repeatedly held that, under such circumstances, we would adopt the construction consonant with validity. *Scofield* v. *Board of Education,* 411 Ill. 11, 15.

For the reasons given and in keeping with the statutory construction directive contained in section 1.01 of the Statutory Construction Act (Ill. Rev. Stat. 1961, chap. 131,

par. 1.01,) that "All general provisions * * * shall be liberally construed in order that the true intent and meaning of the General Assembly may be carried out" we conclude that the merger statute must be interpreted to apply to misdemeanants in the Illinois State Farm as well as the other institutions named therein. Consequently, the unexpired balance of petitioner's sentence to the Illinois State Farm remaining on October 6, 1962, the date of imposition of the felony sentence, merged with the imprisonment for the felony and ran concurrently therewith. Both sentences having now been satisfied, the petitioner is entitled to his discharge forthwith.

*Petitioner discharged.*