THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD LEE PORZELIUS, Defendant-Appellant.

Fourth District    No. 16875

Opinion filed July 14, 1981.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On October 15, 1980, defendant, Ronald Porzelius, was convicted, following a jury trial in the circuit court of McLean County, of the offense of retail theft under section 16a—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a)). Thereafter he was sentenced to a term of imprisonment of 364 days. The sentence was made consecutive to a sentence which the defendant had received in another matter.

On appeal the defendant contends that: (1) his conviction for retail theft must be reversed because the State did not prove that the victim, the Bloomington Provision Company, was a "retail mercantile establishment" or that the property taken had been held for retail sale; (2) for the purposes of sentencing, his conviction for retail theft, a misdemeanor, should merge with his conviction for attempt (burglary) which arose during the pendency of the case at bar, to prevent the imposition of consecutive sentences; and (3) the court abused its discretion in sentencing him to the maximum term of imprisonment and imposing a consecutive sentence.

The uncontradicted testimony at trial showed that on April 29, 1980, the defendant removed a bag of meat without paying for it from the loading dock of the Bloomington Provision Company. James Stevens, the owner of the Bloomington Provision Company, testified that he was in the wholesale meat business. He stated that the business of the company was a wholesale retail outlet, as they sold to large institutions and to retail customers. He testified that retail customer transactions took place in the

office of the company. He further stated that the item which the defendant removed was part of a wholesale sale.

■■ A retail mercantile establishment is defined under section 16A—2.9 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 16A—2.9) as "any place where merchandise is displayed, held, stored or offered for sale to the public." The Bloomington Provision Company was shown to be such an establishment, as it made sales to individuals in the normal course of business. The fact that the company also was a wholesale outlet did not preclude it from being a retail mercantile establishment, as it is not necessary under the definition that it sell merchandise only to the public to be such an establishment.

■■ Under section 16A—3(a) of the Code a person commits the offense of retail theft when he or she knowingly:

> "Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a).)

The fact that the particular meat which was the subject of the theft was not held for a retail sale does not prevent the defendant from being guilty of retail theft. It is not necessary under the statute for the item itself to have been offered for sale as a retail item. It is only necessary that the item be for sale in a retail establishment. Because the Bloomington Provision Company was a retail mercantile establishment and the meat which defendant removed was offered for sale, the defendant's conviction for retail theft must be affirmed.

■■ After the defendant was found guilty of retail theft, but prior to his sentencing hearing, he pleaded guilty to attempt (burglary), a felony, and was sentenced to a term of imprisonment of 2 years. The defendant's sentence for his retail theft conviction was made consecutive to his felony conviction.

Section 5—8—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(d)) provides:

> "An offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence."

At the time the defendant was sentenced to imprisonment for his felony conviction, he had not yet been sentenced for his misdemeanor conviction of retail theft and therefore had not begun to serve a sentence for the misdemeanor conviction. Under the above provision of the Code, the defendant's sentences for misdemeanor retail theft and the felony of attempt (burglary) need not be merged. The defendant's sentence of a

term of imprisonment of 364 days may be consecutive to the 2-year term of imprisonment imposed for the felony conviction. The sentence of 364 days' imprisonment is not an abuse of discretion here as the defendant has a total of 38 convictions since 1965 and has violated the conditions of parole and probation.

Accordingly, the judgment and sentence of the trial court is affirmed.

Affirmed.

TRAPP, P. J., and WEBBER, J., concur.