THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE SINGLETON, Defendant-Appellant.

Fourth District   No. 4—83—0234

Opinion filed December 19, 1983.

WEBBER, J., concurring in part and dissenting in part.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

After a jury trial, defendant Willie Singleton was convicted of the offense of aggravated battery. (Ill. Rev. Stat. 1981, ch. 38, par. 12—4.) Upon consideration of his criminal record, he was sentenced to three years' imprisonment, the sentence to run consecutive to the 10-month misdemeanor sentence of imprisonment then being served. Defendant appeals the judgment of the circuit court of McLean County. We affirm.

Defendant raises two issues on appeal: (1) Whether the language of section 5—8—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(d)) prohibits the trial court from ordering a defendant to serve a felony sentence consecutive to the misdemeanor sentence of imprisonment then being served; and (2) whether a consecutive sentence may properly be imposed where the trial judge does not use the statutory language of section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b)) to indicate such sentence was imposed to protect the public.

The record discloses the following facts. On the evening of March 27, 1982, while at the Salt and Pepper Lounge in Bloomington, Illinois, defendant struck one Horace Yarbrough in the head causing his nose to bleed. Defendant left the bar, reentering several minutes later with one hand in his raincoat pocket. He drew this hand from his pocket and struck Yarbrough again, knocking him unconscious. Several witnesses testified that they saw a gun cupped in defendant's hand as he struck Yarbrough after reentering the bar. There was testimony that defendant then "stomped" Yarbrough's head. During the course of these events, Yarbrough made no attempt to strike the defendant. As a result of the incident, Yarbrough received 43 stitches inside and outside the area of his mouth and near one eye. One of his teeth was knocked out and his dentures were broken.

On January 14, 1983, a jury found defendant guilty of the offense of aggravated battery.

The sentencing hearing was held on February 28, 1983. The State argued that a sentence of five years' imprisonment was necessary to protect the public; and that a lesser sentence would deprecate the seriousness of the offense and minimize defendant's criminal record. The presentence report reflects the following prior convictions of defendant:

| DATE | CHARGE CONVICTED OF | SENTENCE OR FINE |
|------|---------------------|------------------|
| 6/14/61 | Indecent liberties | one to three years, Illinois Department of Corrections Penitentiary System |
| 2/9/63 | Paroled | |
| 10/10/65 | Disorderly conduct | Fined $100; spent two days in county jail |
| 4/7/74 | Aggravated assault | Fined $32.60 |
| 4/30/74 | Battery | Fined $150 |
| 8/10/75 | Wrong way on one-way street | Fined $10 plus costs |
| 10/16/76 | Unlawful use of weapons (76-CM-1433) | Sentenced on March 3, 1977, to one year probation, fined $75 and ordered to spend two days in county jail |
| 3/25/77 | Failure to obey police officers | Fined $50 plus costs |
| 6/18/78 | Unlawful use of weapons (78-CM-659) | Sentenced on February 21, 1979, to 12 months' probation, 30 days in jail, and a fine of $100 plus costs |
| 1/20/79 | Criminal damage to property (79-CM-99) | Sentenced on May 18, 1979, to 12 months' probation and ordered to pay a $200 fine, costs, and $51.99 restitution |
| 8/2/80 | Resisting a police officer (80-CM-1284) | Sentenced on November 25, 1980, to 12 months' probation and 14 days in jail |
| 3/25/81 | Deceptive practice over $150 (81-CF-385) | Convicted on April 21, 1982; sentenced on May 14, 1982, to a term of 30 months' probation and ordered to pay $145 restitution plus costs within 12 months |

. . .

| | | |
|---|---|---|
| 6/12/81 | Battery (81-CM-856) | Pleaded guilty on September 20, 1982; ordered to pay $50 fine plus costs |
| 7/5/81 | Unlawful use of weapons (81-CM-1064) | Sentenced on March 19, 1982, to 10 months in the Department of Corrections—Penal Farm; case appealed; sentence upheld by mandate on November 21, 1982; *mittimus* issued December 1, 1982 |
| 9/25/82 | Battery, resisting a peace officer (82-CM-1308) | Hearing pending |

In pronouncing sentence, Judge Townley made the following observations:

"Mr. Singleton, I'm sorry to say I'm afraid the record here indicates that you have repeatedly been given opportunities to straighten out your life. Now you had four [five] probations granted to you before you committed this offense. Four [five] different times you got *** probation with some time, small jail sentences. At the time you committed this offense you had just been sentenced eight days before to ten months and had appealed that case and were out waiting disposition of the appeal so within eight days after you had been sentenced for ten months at the Penal Farm for unlawful use of weapons, which would indicate to you you are facing real trouble, and you needed to straighten yourself out, you got involved in this which is a serious offense from the testimony as to the injuries that Mr. Yarbrough had and the circumstances under which the offense took place.

The Court just cannot consider this to be other than a serious offense, and so I cannot admit you to probation this time, and I am going to sentence you to the Illinois State Penitentiary for a term of three years which is not what the State is asking, and it is not the minimum sentence. However, the Court is going to provide that that three-year sentence is to be consecutive to the ten months you are serving. And the reason is there is no reason to reward you for getting involved in more trouble again after you had been sentenced to 10 months and say, 'We will just throw those two sentences together,' because

it is obvious to me that that would be a miscarriage of justice. And while the Court could impose a greater sentence here, it seems to me that isn't the point. The point is that we should make the sentence consecutive so you are serving your sentence for the ten months *** which is a separate item from this and also impose the three year sentence for your charge here. Now the Court could impose a greater sentence, but it would appear to me not to be the way to handle this case.

You pay the penalty on each of those separately, and the Court is going to order a Mittimus to issue. *** And depending on your conduct, you are entitled to earn some good time and some early release periods, but in the meantime you are going to have to remember what you do is primarily going to determine when you are going to get out. I think it is time you realize if you don't change your conduct you are going to get longer and longer sentences here. And if you do, you are going to end up paying the penalty if you make the wrong decision [about] what you are going to do."

■ Defendant first contends that the trial court erred by ordering his felony sentence to be served consecutive to the 10-month misdemeanor sentence in 81-CM-1064. Section 5—8—4(d) of the Unified Code of Corrections states:

"An offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and *the misdemeanor sentence shall be merged in and run concurrently with the felony sentence.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(d).)

Defendant urges that the language of this statute be read as mandatory, citing *People ex rel. Moss v. Pate* (1964), 30 Ill. 2d 271, 195 N.E.2d 641. We disagree for several reasons and find that the language of section 5—8—4(d) is directory.

■ The use of the word "shall" in a legislative enactment does not automatically dictate a mandatory construction. See, *e.g., People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855; *In re Application of Rosewell* (1983), 97 Ill. 2d 434, 454 N.E.2d 997.

This court has held that when a defendant is first sentenced for a felony and subsequently sentenced for a misdemeanor conviction, the sentences need not be merged under section 5—8—4(d). *People v. Porzelius* (1981), 97 Ill. App. 3d 865, 423 N.E.2d 985.

■ The language and structure of article 8 of the Unified Code of Corrections, effective January 1, 1973 (Ill. Rev. Stat. 1981, ch. 38,

par. 1005—8—1 *et seq.*), shows both explicitly and implicitly that contemporaneous sentences of imprisonment imposed for a misdemeanor and a felony may be either concurrent or consecutive. Section 5—8—1 states the scheme of sentences for felonies, while section 5—8—3 provides the terms of sentences for misdemeanors. Section 5—8—4(a) provides general judicial authority in the language "*** when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State *** the sentences shall run concurrently or consecutively as determined by the court." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(a).) That section continues to state that sentences shall be served concurrently unless otherwise specified by the court, but does not distinguish the exercise of judicial discretion as between felonies and misdemeanors, severally or jointly.

Subsection (b) of section 5—8—4 states certain standards for the exercise of judicial discretion in imposing a consecutive sentence without distinction between a felony and a misdemeanor. Subsections (c)(1) and (c)(2) state the limits upon the aggregate maximum period permitted for consecutive sentences and each subsection includes a provision applicable "*** [w]hen sentenced *only* for misdemeanors ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(c)(2).

Subsection (d) has been quoted as incident to defendant's argument for relief. That argument disregards the language of the subsection which immediately follows:

"(e) In determining the manner in which consecutive sentences of imprisonment, *one or more* of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents: ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(e).

Section 5—8—4(e)(1) further specifies:

"[T]he maximum period of a term of imprisonment shall consist of the aggregate ***, if any, *plus* the aggregate of the imposed determinate sentences for felonies plus the aggregate of the imposed determinate sentences for misdemeanors ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(e)(1).

The sum of the language of the several provisions simply does not countenance an argument that the trial court is without authority to impose consecutive sentences of imprisonment upon convictions of felonies and misdemeanors or support a view that a misdemeanor sentence of imprisonment must necessarily be merged with a felony sentence.

The opinion in *People ex rel. Moss v. Pate* (1964), 30 Ill. 2d 271, 195 N.E.2d 641, does not enhance the effect of section 5—8—4(d) upon the issue. *Pate* substantially antedates the Uniform Code of Corrections and its provisions for concurrent and consecutive sentences. There were no judicial consecutive sentences concerned, although it may be said that a consecutive sentence was effectively created by the action of the prison administration. The court considered the "merger" language found ·in the then penitentiaries code (Ill. Rev. Stat. 1961, ch. 108, par. 49.1). The language of that section is of similar purport to that of subsection (d), but as construed in the *Pate* opinion cannot be associated with a judicial consecutive sentence under the present code.

■ Examination of the language and structure of article 8 of the Code makes clear that section 5—8—4(d) providing for the "merger" of misdemeanor and felony in prison does not bar a judicial decision to impose the consecutive sentences upon coexisting convictions of felony and misdemeanor. We conclude that a construction of 5—8—4(d) as directory is consistent with the legislative intent and is designed to control the administration of sentences where there is no judicial imposition of consecutive sentence.

■ We next consider the merits of defendant's argument that the judge erred in imposing consecutive sentences since he did not state that the term was necessary for the protection of the public. The State argues that the sentencing court need not include a ritualistic recitation of the statutory language of section 5—8—4(b) that "a consecutive term is required to protect the public from further criminal conduct by the defendant." This precise issue was considered by the supreme court in *People v. Pittman* (1982), 93 Ill. 2d 169, 442 N.E.2d 836. Therein the court stated:

> "Although it would be better practice to state the opinion in the language of the statute, failure to do so does not necessarily require reversal. (See *People v. Davis* (1982), 93 Ill. 2d 155; *People v. Kuesis* (1980), 83 Ill. 2d 402, 409-10; *People v. Cox* (1980), 82 Ill. 2d 268, 280-81; *People v. Meeks* (1980), 81 Ill. 2d 524, 534.) What is required is that the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public. *** As to the sufficiency of the reasons set forth in the record for the consecutive sentence, it is settled that a reviewing court will not substitute its judgment for that of a sentencing court merely because it would have balanced the appropriate factors differently. (*People v. Perruquet* (1977), 68 Ill. 2d 149.)" (93 Ill. 2d 169, 177-78, 442

N.E.2d 836, 840.)

(See also *People v. Soloman* (1983), 116 Ill. App. 3d 481, 451 N.E.2d 953.) We conclude that the reasons for sentencing set forth in the record are sufficient to satisfy the requirements of section 5—8—4(b).

■ Finally, defendant contends the only reason the trial court imposed a consecutive sentence was to punish him for committing another crime. We are satisfied that consecutive sentence was imposed in view of the nature and circumstances of the offense and the history and character of the defendant, consistent with the terms of section 5—8—4(b).

Affirmed.

MILLS, P.J., concurs.

JUSTICE WEBBER, concurring in part and dissenting in part:

I concur with my colleagues that the trial judge need not recite the precise statutory litany when imposing a consecutive sentence. I disagree, however, that a trial judge possesses unbridled authority to impose a consecutive sentence. Section 5—8—4(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(d)) represents one restriction.

*Pate*, rejected by the majority, is precisely in point. Present section 5—8—4(d) is simply a paraphrase of former section 1 of "An Act in relation to merger of certain sentences" (Ill. Rev. Stat. 1961, ch. 108, par. 49.1). An offender cannot be "transferred to the Department of Corrections" within the meaning of section 5—8—4(d) unless he is already serving some sentence elsewhere, presumably in the county jail under section 5—8—6(b) of the Code. Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—6(b).

The majority's reliance on section 5—8—4(e) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(e)) is misplaced. In my opinion sections 5—8—4(d) and 5—8—4(e) are aimed at different situations. (d) deals with the case wherein an offender is already serving a term for a prior and unrelated misdemeanor; (e) is directed at multiple convictions, both felony and misdemeanor, growing out of the same act or series of related acts. The *Pate* court saw this clearly and precisely articulated the legislative policy behind it. The wisdom of the merger policy is not for us to examine.

In the instant case the trial judge appeared to be aware of the problem by saying, "Now the Court could impose a greater sentence, but it would appear to me not to be the way to handle the case." It

appears to me that this is precisely the way to handle the case. If the trial judge is insistent that both offenses be punished, and if he is aware of the merger provisions of the statute, all that need be done is to increase the felony sentence by the amount of the unserved time under the misdemeanor sentence.

The business of construing a statute under the mandatory-versus-directory hypothesis is a tricky operation at best and is too slender a reed upon which to lean in this case. The question should not even be reached.

I would affirm the convictions but vacate their consecutive nature pursuant to this court's authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)).