(No. 59645.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIE SINGLETON, Appellant.

*Opinion filed September 20, 1984.*

340

Neil F. Hartigan, Attorney General, of Springfield, and Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and David E. Mannchen, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Jane Raley, Assistant Defender, of Springfield, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Following a jury trial in the circuit court of McLean County, the defendant, Willie Singleton, was convicted of the felony of aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4). The trial court sentenced him to a three-year term for the aggravated battery, to be served consecutively to a 10-month term which the defendant was

already serving for a prior, unrelated misdemeanor. On appeal to the appellate court, the defendant argued that section 5—8—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(d)) prohibits a trial court from imposing a felony sentence to be served consecutively to an existing misdemeanor sentence. According to the defendant, under section 5—8—4(d) the misdemeanor sentence must be merged into the felony sentence, thereby allowing the defendant to serve the terms concurrently. The appellate court, one judge dissenting, rejected the defendant's argument and held that section 5—8—4(d) does not require merger of the sentences and instead allows the trial court to impose consecutive sentences. The appellate court, therefore, affirmed the defendant's sentence. (120 Ill. App. 3d 189.) We granted the defendant's petition for leave to appeal from the appellate court's order pursuant to this court's Rule 315(a) (87 Ill. 2d R. 315(a)). We reverse the appellate court's judgment.

Section 5—8—4(d) provides:

> "An offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence *shall* be merged in and run concurrently with the felony sentence." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(d).

The sole issue here is whether the legislature intended the term "shall" to be interpreted as mandatory or directory within the context of this statutory provision.

When the language of a statute is clear on its face, its meaning should be given effect without resort to supplementary principles of statutory construction. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.) "Generally, the use of the word 'shall' is regarded as indicative of a mandatory in-

tent. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21; see 1A A. Sutherland, Statutes and Statutory Construction sec. 25.04, at 301 (1972).) We recognize, however, that this is not an inflexible rule; the statute may be interpreted as permissive, depending upon the context of the provision and the intent of the drafters. *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 268." (*People v. Youngbey* (1980), 82 Ill. 2d 556, 562.) The appellate court acknowledged the general rule concerning the word "shall" but nonetheless concluded that the context of this provision required "shall" to be interpreted as directory rather than mandatory. We believe section 5—8—4(d) on its face clearly requires a mandatory construction and that it is not necessary here to resort to supplementary principles of statutory construction as the appellate court did. (*Cf. People v. Nitz* (1978), 60 Ill. App. 3d 1029, 1031.) We also think that resort to those supplementary principles results in a conclusion contrary to that reached by the appellate court. The parties have not directed this court's attention to any legislative debates which might shed light on the legislative intent behind this statute. Our own research has found none.

As support for its conclusion then, and as argued by the State now, the appellate court pointed out that section 5—8—4(a) provides:

> "When *** a term of imprisonment is imposed on a defendant who is already subject to sentence in this State *** the sentences shall run concurrently or consecutively as determined by the court. *** Sentences shall run concurrently unless otherwise specified by the court." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(a).)

The appellate court also noted that section 5—8—4(b) provides for findings to be made before imposing consecutive sentences (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b)), and that section 5—8—4(e) refers to the cumulation of felony and misdemeanor sentences (Ill. Rev. Stat.

1981, ch. 38, par. 1005—8—4(e)). From all of those provisions, the appellate court gleaned an overall legislative intent not to limit a trial court's sentencing discretion. Therefore, to preserve that discretion, the appellate court concluded that section 5—8—4(d) should be interpreted as a directory provision which does not require the trial court to merge an existing misdemeanor sentence into a new felony sentence. The appellate court also rejected the defendant's claim that this court's interpretation of a predecessor statute in *People ex rel. Moss v. Pate* (1964), 30 Ill. 2d 271, requires section 5—8—4(d) to be interpreted as mandatory.

In *Pate*, this court considered a prior statute which stated that if a trial court imposed sentence for a felony against a person already serving a misdemeanor sentence in a nonpenitentiary facility, then " '*** the misdemeanor sentence shall be merged in and run concurrently with the felony sentence.' " (30 Ill. 2d 271, 273.) This court considered that provision to be one designed to avoid "piecemeal punishment of prisoners" and to alleviate "crowded conditions in county jails." (30 Ill. 2d 271, 274.) Although the appellate court recognized the similarities between the statute in *Pate* and section 5—8—4(d), it held *Pate* not to be controlling because of substantial statutory revision since *Pate* and because *Pate* did not squarely address the issue presented here. We find *Pate* persuasive.

The statute considered in *Pate* (Ill. Rev. Stat. 1961, ch. 108, par. 49.1) was one of the predecessor statutes to current section 5—8—4. (See Ill. Ann. Stat., ch. 38, par. 1005—8—4(d) (Smith-Hurd 1982).) In *People v. Sangster* (1982), 91 Ill. 2d 260, this court interpreted section 5—8—4(a). In doing so, we pointed out that when the legislature enacted section 5—8—4(a), it must be presumed to have been aware of the construction given to predecessor statutes. Therefore, the legislature could have, if dis-

satisfied with prior interpretations, clearly stated a change in the law by changing language in the statute. That same principle is applicable here. Because the statutory language in section 5—8—4(d) is virtually identical to the statutory language considered in *Pate*, we see no reason to think that a change in the intent of the law was intended. Instead, by maintaining much of the relevant language of the older statute, we think that the legislature must have intended to preserve the purpose of the statute considered in *Pate*. The statute in *Pate* was thought to promote rehabilitation by providing the defendant with one goal: serving one sentence. This purpose is also said to be present in the current code. (See Pusateri & Scott, Illinois' New Unified Code of Corrections, 61 Ill. B. J. 62, 71 (1972).) If we construe section 5—8—4(d) as mandatory and requiring merger of the sentences, that goal of one sentence to be served is preserved.

Even if we did not find *Pate* persuasive, we disagree with the appellate court's statutory analysis. First, like the dissenting judge below, we think that subsection (e) of section 5—8—4, which refers to the cumulation of felony and misdemeanor sentences, has little to do with subsection (d), involved in this case, because subsection (e) is concerned with multiple sentences imposed at the same time for related crimes. (See *People v. Singleton* (1983), 120 Ill. App. 3d 189, 197 (Webber, J., concurring in part and dissenting in part).) Such a situation is not present when, as here, the defendant is already serving a sentence for a prior misdemeanor and later is sentenced for a felony offense. The appellate court also relied on subsection (a) of the statute, which generally allows concurrent or consecutive sentences to be imposed by the trial court within the limits set by subsection (b) (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—8—4(a), (b)). Because subsection (a) vests trial courts with discretion re-

garding whether sentences should be concurrent or consecutive, the appellate court thought it would be inconsistent to find a limit to that discretion by interpreting "shall" in subsection (d) as mandatory and thereby requiring concurrent sentences. We think, however, that subsection (d) was intended to serve as a special limitation upon the general discretion conferred by subsection (a). Under the appellate court's holding that "shall" was intended to be directory, subsection (d) would be no more than a restatement of the discretion provided for in subsection (a) and would therefore be surplusage. Because settled principles of statutory construction call for the specific to control over the general (*People ex rel. Siekmann v. Pennsylvania R.R. Co.* (1944), 385 Ill. 350, 356; 2A A. Sutherland, Statutes and Statutory Construction sec. 46.05, at 57 (1973)), and because statutes should be construed so that language is not rendered meaningless or superfluous (*People v. Lutz* (1978), 73 Ill. 2d 204, 212; *Peacock v. Judges Retirement System* (1957), 10 Ill. 2d 498, 501; 2A A. Sutherland, Statutes and Statutory Construction sec. 46.06, at 63 (1973)), we construe section 5—8—4(d) as a specific, mandatory limitation of the discretion provided for by subsection (a).

Before this court, the State seems to argue that the appellate court's construction should be upheld because if subsection (d) is read as being mandatory, then it is an unconstitutional legislative intrusion into the judicial sentencing power. In *People v. Taylor* (1984), 102 Ill. 2d 201, this court rejected the idea that any statute which sets mandatory limits on sentencing power is improper. We held that such a statute is improper only when it unduly infringes on the court's sentencing power. Given the breadth of sentencing options available to a trial court in cases such as this, we do not think that requiring merger of an existing misdemeanor sentence into the new felony sentence is unduly intrusive. Therefore, that argument is

rejected.

Finally, the State argues that the trial court's error was waived by the defendant's failure to object. This case does not involve the waiver–plain-error question which this court has discussed on numerous occasions. This is not a case involving trial error by the court. In this case the court imposed a sentence which, under the statute, it had no authority to impose.

For the foregoing reasons, the judgment of the appellate court is reversed insofar as it affirmed the sentence imposed by the trial court. The sentence imposed by the trial court is vacated and the cause is remanded to the circuit court of McLean County with directions to impose a sentence in accordance with this opinion.

*Appellate court affirmed in part and reversed in part; sentence vacated; cause remanded, with directions.*