CHARLES J. AUTHENREITH, Plaintiff-Appellee, v. JAY M. WATTS, Defendant-Appellant.

Fourth District    No. 4—88—0818

Opinion filed May 25, 1989.

Jay M. Watts, of Decatur, appellant *pro se.*

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

On October 25, 1988, the circuit court of Coles County entered judgment against defendant Jay M. Watts and in favor of plaintiff Charles J. Authenreith, Coles County circuit clerk, in the amount of $108 for past-due child support collection fees. Defendant appeals. We affirm.

Defendant was divorced in 1982, and he was ordered to pay child support through the Coles County circuit clerk's office. In 1985, the legislature enacted legislation authorizing collection of fees to cover the circuit clerk's costs in collecting child support payments. (Pub. Act 84–860, eff. Jan. 1, 1986 (1985 Ill. Laws 5370).) This act affected changes in section 27.1 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1987, ch. 25, par. 27.1), and section 705 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 705). Section 27.1 now reads, in relevant part:

"In maintenance and child support matters, the Clerk may deduct from each payment an amount equal to the United

States postage to be used in mailing the maintenance or child support check to the recipient. In such cases, the Clerk, may, if authorized by ordinance of the county board, collect an annual fee of up to $36 from the person making such payment for administering the collection and distribution of maintenance and child support payments." (Ill. Rev. Stat. 1987, ch. 25, par. 27.1(u)(3).)

The relevant portion of section 705 reads:

"In any action filed in a county with a population of 1,000,000 or less, the court shall assess against the respondent in any order of maintenance or child support any sum up to $36 annually authorized by ordinance of the county board to be collected by the clerk of the court as costs for administering the collection and disbursement of maintenance and child support payments. Such sum shall be in addition to and separate from amounts ordered to be paid as maintenance or child support." Ill. Rev. Stat. 1987, ch. 40, par. 705(6).

In 1986, the Coles County board authorized collection of $36 per year for this purpose. The circuit judges also entered an administrative order directing the clerk to notify those paying child support of the fee, and to take steps to collect it. Upon notification, defendant refused to pay the fee without a court order being entered in his divorce case. The clerk eventually filed suit to collect the fees for 1986, 1987, and 1988, and the present judgment was entered.

Defendant maintains that section 27.1(u)(3) and section 705(6) should be read together, and that the requirement contained in section 705(6) that the court enter an order directing payment of the $36 is also controlling to section 27.1(u)(3). Accordingly, he insists that without a court order entered in his specific case directing him to pay the fee, he is not required to do so. The trial court found section 27.1(u)(3) controlling. It concluded section 705(6) was directive to the court in future cases, and served to reinforce the collection process, but did not affect the authority of the clerk to collect the fees pursuant to section 27.1(u)(3). We agree with this analysis.

■■ The cardinal rule in statutory construction is to ascertain and give effect to the intent of the legislature. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174, 1175.) In determining the legislative intent, courts should first consider the statutory language. (*Boykin*, 94 Ill. 2d at 141, 445 N.E.2d at 1175.) If that language is clear, it will be given effect without resort to other aids of construction. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475-76, 433 N.E.2d 674, 677.) Also, statutes should be construed so that language contained therein

is not rendered meaningless or superfluous. *People v. Singleton* (1984), 103 Ill. 2d 339, 345, 469 N.E.2d 200, 203.

■ The obvious intent of the enacted legislation is to alleviate the costs to the counties of the required collection of child support and maintenance payments by assessing a fee on those parties who make these payments. To this end, section 27.1(u)(3) provides that all parties making these payments shall pay this fee when it is authorized by the respective county board. It is also evident that this fee is to go into effect without any required court action, as it is contained in section 27.1. This section sets forth over 50 different fees the circuit clerk is to collect, without the necessity of a court order, for providing various services.

It is equally apparent section 705(6) is not intended to limit the collection of these fees by the clerk. Rather, the section is intended as a directive for the trial courts, requiring they order the responsible parties in subsequent proceedings to pay the fee.

■ Defendant maintains to so hold makes the language in section 705(6) mere surplusage, since section 27.1(u)(3) already authorizes collection of the fee. However, defendant misapprehends the purposes of section 705(6). Those purposes are to assist in enforcement of the collection of the fee by making parties aware of the fee at the time the support or maintenance order is entered, and by providing collection through enforcement of court order, rather than by separate actions.

For the above-mentioned reasons, the judgment of the circuit court of Coles County is affirmed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.