THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. REX ALLEN BETTS, Defendant-Appellee.

Fourth District   No. 4—92—1030

Opinion filed June 30, 1993.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE LUND delivered the opinion of the court:

In September 1988, defendant Rex Allen Betts was sentenced *in absentia* in the circuit court of Macon County to concurrent terms of 18 months' imprisonment for the offense of driving while license revoked (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)) and 364 days in jail for the offense of driving while under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)). He began serving his felony sentence in the Department of Corrections (DOC) on June 14, 1992. Defendant was discharged from DOC on October 2, 1992, and was remanded to the custody of the Macon County sheriff to serve

the remainder of his misdemeanor sentence. On October 20, 1992, defendant filed a petition for an emergency writ of *habeas corpus*, claiming that under the provisions of section 5—8—4(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(d)), his misdemeanor sentence was merged in the felony sentence, thus entitling him to release from jail. Following a hearing on the petition, the trial court agreed and ordered defendant released. The State now appeals.

We note that initially defendant, as appellee, has not filed a brief on appeal. Ordinarily where the appellee files no brief, the record is simple, and the claimed error can be decided without such assistance, we may decide the appeal despite having received only the appellant's brief. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) Under this standard, we conclude that we are able to decide this case even though the appellee has not filed a brief.

■ Section 5—8—4(d) of the Code provides as follows:

"An offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(d).

Section 3—6—3 of the Code governs credits that may be applied against a felony sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—6—3.) Credits for persons serving misdemeanor sentences are governed by section 3 of the County Jail Good Behavior Allowance Act (Ill. Rev. Stat. 1991, ch. 75, par. 32). The State maintains these provisions are independent of each other, *i.e.*, satisfaction of a felony sentence by virtue of credits granted under section 3—6—3 of the Code cannot satisfy a misdemeanor sentence to which those credits do not apply.

■ The central question in this appeal, however, is not the application of credits to defendant's felony and misdemeanor sentences. Rather, we must decide whether defendant's misdemeanor sentence merged into his felony sentence under section 5—8—4(d) of the Code. We conclude that it did not.

In the trial court, defendant relied on *People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200, to support his claim of merger. In *Singleton*, defendant was convicted of the felony of aggravated battery. He was sentenced to a prison term of three years, to be served consecutively to a 10-month sentence which he was already serving for a prior, unrelated misdemeanor offense. Defendant argued on ap-

peal in the appellate court that the trial court was prohibited by section 5—8—4(d) of the Code from imposing a felony sentence consecutive to an existing misdemeanor sentence. He maintained this section caused the misdemeanor sentence to merge into the felony sentence, thereby allowing him to serve the sentences concurrently. The appellate court rejected this argument and affirmed defendant's sentence. On further appeal, the supreme court reversed the appellate court, finding merger of the two sentences under the clear wording of the statute. *Singleton*, 103 Ill. 2d at 341, 469 N.E.2d at 201.

Defendant's reliance on *Singleton* in the trial court was misplaced, since in that case defendant was already serving a misdemeanor sentence when he was sentenced on the felony conviction. In the instant case, defendant's felony and misdemeanor sentences were imposed simultaneously and, under the clear wording of the statute, there was no merger. See *People v. Porzelius* (1981), 97 Ill. App. 3d 865, 423 N.E.2d 985.

For the above-stated reasons, the order of the trial court finding merger and releasing defendant is reversed.

Reversed.

McCULLOUGH and KNECHT, JJ., concur.