THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR WINSLOW, Defendant-Appellant.

Third District   No. 3—93—0517

Opinion filed March 9, 1994.

Kevin E. Cummings, of Donald L. Wennlund & Associates, of New Lenox, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Arthur Winslow, pleaded guilty to the misdemeanor of unlawful possession of cannabis and was sentenced to 364 days in the county jail. He appeals.

The record shows the trial judge in Will County pronounced sentence on August 21, 1992. The judge ruled that defendant's sentence for the Will County offense would begin on August 31, 1992, which was the expected date for the defendant to be sentenced in Cook County on a pending felony charge of driving while license revoked. The judge also ordered that the Will County sentence would run concurrently with any sentence imposed in Cook County. Following his sentencing in Will County, the defendant was free on bond pending his sentencing in Cook County.

On August 31, 1992, the defendant was sentenced in Cook County to one year and one day in the Department of Corrections (DOC) for the offense of driving while license revoked. On that same date, the defendant was remanded to the custody of DOC to begin serving his Cook County felony sentence. As a result of the defendant receiving sentencing credit from DOC on the Cook County felony charge, he was released from its custody on November 5, 1992.

On January 22, 1993, the Will County State's Attorney filed a motion for mittimus to issue as well as a warrant for the defendant's arrest so that the defendant would complete the remainder of his Will County misdemeanor sentence. The trial judge in Will County granted the State's motion and subsequently denied the defendant's motion to reconsider.

On appeal, the defendant contends that his Will County misde-

meanor conviction merged into and ran concurrently with his felony conviction in Cook County. Thus, the defendant argues that his Will County misdemeanor sentence was extinguished when he was released from the DOC. We disagree with the defendant's analysis.

The relevant statute, section 5—8—4(d) of the Unified Code of Corrections, states:

> "An offender *serving a sentence for a misdemeanor* who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(d).

To support his argument, the defendant relies on *People ex rel. Moss v. Pate* (1964), 30 Ill. 2d 271, 195 N.E.2d 641, and *People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.

The *Pate* court was faced with interpreting a similar statute. (See Ill. Rev. Stat. 1961, ch. 108, par. 49.1.) In *Pate*, the defendant *was serving* a one-year sentence for a misdemeanor when he was subsequently sentenced to a term of one to two years for a felony offense. The *Pate* court found that the defendant's sentences merged and both were satisfied upon completion of the felony sentence.

Similarly, the *Singleton* court found the merger provision of section 5—8—4(d) was mandatory for a defendant who *was already serving* a sentence for a prior misdemeanor at the time of his felony sentencing.

In response to the defendant's argument, the State contends that because the defendant was *not* actually serving a sentence for a misdemeanor at the time he was sentenced for the felony, the two sentences did not merge. We agree with the State's analysis.

Initially, we note that statutes must be construed so that language is not rendered meaningless or superfluous. (*People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.) The defendant contends that his Will County misdemeanor sentence merged with his Cook County felony sentence even though he was *not* actually serving the misdemeanor sentence at the time of his felony sentencing. Under this interpretation, the word "serving" in section 5—8—4(d) would be rendered meaningless and superfluous. If the legislature had intended to adopt the defendant's interpretation, it could have altered section 5—8—4(d) to read "[a]n offender *sentenced* for a misdemeanor," as opposed to the present language of "*serving a sentence for a misdemeanor*." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(d). See *People v. Lueloff* (1987), 161 Ill. App. 3d 432, 514 N.E.2d 579.

Here, when the defendant was sentenced in Cook County for the felony offense of driving while license revoked, he was not currently *serving* a sentence for the Will County misdemeanor. The defendant's sentence for the Will County offense did not commence until August 31, 1992, the same day he was sentenced on the Cook County offense. Consequently, the defendant's reliance on *Pate* and *Singleton* is misplaced because in both of those cases the defendant *was currently serving* a misdemeanor sentence when he was sentenced for the felony offense.

■ Accordingly, we find that because the defendant was *not serving* a sentence for the Will County misdemeanor at the same time of his subsequent felony sentencing in Cook County, he was not entitled to a merger of his sentences pursuant to section 5—8—4(d) of the Unified Code of Corrections. See *People v. Betts* (1993), 246 Ill. App. 3d 84, 616 N.E.2d 5; *People v. Porzelius* (1981), 97 Ill. App. 3d 865, 423 N.E.2d 985.

■ Lastly, we find a factual discrepancy in the record. At the time the trial judge in Will County granted the State's motion for mittimus to issue and a warrant for the defendant's arrest, the judge stated he wanted the defendant to serve 180 days of actual incarceration on the misdemeanor conviction. The judge's calculations may be factually correct once the sentencing credit provisions are applied. (See Ill. Rev. Stat. 1991, ch. 75, par. 32.) However, it is unclear from the record whether the defendant has actually earned this sentencing credit or the judge was simply estimating the defendant's likely sentence. The trial judge noted, "I sentenced [the defendant] to 364 days. I intend him to complete the 364 days, day-for-day credit. And whatever they have done in Cook County, he can get credit for whatever jail time he spent there." The judge then stayed the issuance of the mittimus pending our ruling on the defendant's appeal. For the sake of fairness and accuracy, we remand this cause to the trial court for the entry of a new sentencing order reflecting the appropriate credit the defendant is entitled to receive as a result of the time served in DOC on the Cook County felony. Otherwise, we affirm the judgment of the circuit court of Will County.

Affirmed in part and remanded with directions.

STOUDER and BARRY, JJ., concur.