THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN L. BENNETT, Defendant-Appellant.

Second District Nos. 2—95—0231, 2—94—1411 cons.

Opinion filed October 16, 1996.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Constance Augsburger, of Law Offices of Dennis Schumacher, P.C., of Mt. Morris, for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, John L. Bennett, appeals the judgment of the circuit court of Lee County denying his petitions for *habeas corpus* and *mandamus*. We affirm.

On September 25, 1993, defendant was charged with driving while under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1994)) and driving with a breath-alcohol concentration of 0.10 or more (625 ILCS 5/11—501(a)(1) (West 1994)), both misdemeanors. On October 1, 1993, in a separate case, he was charged with driving while driver's license revoked (625 ILCS 5/6—303(d) (West 1994)), a felony. On September 6, 1994, defendant pleaded guilty to driving with a breath-alcohol concentration of 0.10 or more (625 ILCS 5/11—501(a)(1) (West 1994)) and driving while license revoked (625 ILCS 5/6—303(d) (West 1994)). He was sentenced to 364 days' imprisonment on the misdemeanor conviction and to 18 months' imprisonment on the felony conviction, the sentences to be served concurrently. Defendant's felony sentence was completed on November 30, 1994, after the appropriate good-time and time-served credits were applied, and he was placed on mandatory supervised release. Defendant was returned to the Lee County jail to serve the remaining three months of his misdemeanor sentence.

Defendant immediately filed an emergency petition for writs of *habeas corpus* and *mandamus*, seeking an immediate release because of the completion of his felony sentence. Defendant argued that the sentences were merged, so that the completion of the felony sentence would extinguish any remaining time on the misdemeanor sentence. The trial court denied the petition on December 1, 1994. That same day, defendant filed a motion for diminution of sentence, which was also denied. Defendant appealed from the denial of the petition and the motion for diminution.

On December 12, 1994, defendant filed a motion for reconsideration of the petition and of the motion for diminution, which was denied. Defendant filed a notice of appeal of these rulings on January

12, 1995, one day late. His motion to file a late notice of appeal was granted, and the appeal was consolidated with the other timely appeal.

Defendant presents a single issue for review. He argues that he was denied equal protection and due process of the law because he is required to serve more prison time than someone who had received the same sentences for the same conduct, but already happened to be serving the misdemeanor sentence. Accordingly, defendant urges this court to declare section 5—8—4(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(d) (West 1994)) unconstitutional.

■ As an initial matter, we note that defendant raises his constitutional challenge to the merger provision for the first time on appeal. Defendant has not waived the issue by failing to raise it in the trial court, however, as a constitutional challenge to a statute may be raised at any time, including on appeal. *People v. Bryant*, 128 Ill. 2d 448, 454 (1989).

■ We turn first to the statutory scheme defendant complains of in order to understand his contentions. Section 5—8—4(d) of the Code provides that "[a]n offender serving a sentence for a misdemeanor who is convicted of a felony and sentenced to imprisonment shall be transferred to the Department of Corrections, and the misdemeanor sentence shall be merged in and run concurrently with the felony sentence." 730 ILCS 5/5—8—4(d) (West 1994). Thus, merger occurs only when the offender is already serving his or her misdemeanor sentence, and not when the offender is simultaneously sentenced to felony and misdemeanor sentences. See *People v. Winslow*, 258 Ill. App. 3d 327, 330 (1994); *People v. Betts*, 246 Ill. App. 3d 84, 86 (1993). The merger provision is significant because good-time credits are accrued differently for felons than misdemeanants. Felons receive one day of good-conduct credit for each day of service in prison, and they may receive an award of up to 180 days of good-conduct credit for meritorious service. 730 ILCS 5/3—6—3(a)(2), (a)(3) (West 1994). Misdemeanants receive only one day of good-behavior allowance for each day served in the county jail. 730 ILCS 130/3 (West 1994).

In defendant's case, he served 3 months of his 18-month felony sentence. Defendant therefore received the maximum amount of good-conduct credit and the 180-day meritorious service award. The three months served in the Department of Corrections accrued only three months of good-behavior allowance for his misdemeanor sentence, leaving defendant with at least three months left to serve.

■ An equal protection claim is analyzed in the same fashion under both the United States and Illinois Constitutions. *Jacobson v.*

*Department of Public Aid*, 171 Ill. 2d 314, 322 (1996). The threshold inquiry for an equal protection claim is whether similarly situated people are being treated dissimilarly. *People v. Burton*, 100 Ill. App. 3d 1021, 1023 (1981). Defendant defines himself to be "similarly situated to someone who has his sentences merged after being convicted of the same separate offenses and given the identical individual sentences." Defendant contends that the operation of the merger provision (730. ILCS 5/5—8—4(d) (West 1994)) results in dissimilar treatment between the two classes, as one in defendant's position must serve more actual prison or jail time than one whose sentences have been merged. We find that defendant has failed to establish the existence of such dissimilar treatment as a result of the operation of the merger provision (730 ILCS 5/5—8—4(d) (West 1994)).

The merger provision (730 ILCS 5/5—8—4(d) (West 1994)) does not mandate that an offender with nonmerged concurrent misdemeanor and felony sentences will automatically serve more time than an offender with merged sentences. If, as an example, an offender received a 2-year felony sentence and a 364-day misdemeanor sentence, then both the merged and nonmerged offenders would serve 6 months in prison, assuming maximum good-time credits. Therefore, the merger provision (730 ILCS 5/5—8—4(d) (West 1994)) does not cause the dissimilarity defendant complains of, but rather, such difference is due to the actual terms of the sentences he received. Thus, defendant has failed to demonstrate any dissimilar treatment in the operation of the merger provision (730 ILCS 5/5—8—4(d) (West 1994)) sufficient to state an equal protection claim.

■ Even if defendant's proposed classification were subject to dissimilar treatment, his equal protection claim is nevertheless unavailing. For a court to engage in any manner of equal protection review of a statute, the challenging party must show that the statute classifies persons in some manner. *People v. Wegielnik*, 152 Ill. 2d 418, 429 (1992). The merger provision does not create any classification on its face. Rather, it is a neutral law that may have a disparate impact on persons based on the timing of their sentences. "Therefore, to present a cognizable equal protection claim, the defendant must show that the statute was enacted for a discriminatory purpose." *Wegielnik*, 152 Ill. 2d at 429.

In order to establish that a facially neutral law was enacted for a discriminatory purpose, the challenging party "must show that the legislature selected a course of action not merely 'in spite of' its disparate impact on an identifiable group, but *because of* an anticipated discriminatory effect." (Emphasis in original.) *Wegielnik*, 152 Ill. 2d at 429, quoting *McCleskey v. Kemp*, 481 U.S. 279, 298, 95

L. Ed. 2d 262, 282, 107 S. Ct. 1756, 1770 (1987). Here, defendant has presented no evidence, nor even alleged, that the legislature enacted the merger provision of the Code because it would discriminate against offenders whose misdemeanor and felony sentences were not merged. We therefore reject defendant's equal protection claim.

■ Defendant also claims that the merger provision violates due process. Defendant contends that due process is violated because the merger provision (730 ILCS 5/5—8—4(d) (West 1994)) is not " 'reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.' " *People v. Bradley*, 79 Ill. 2d 410, 417 (1980), quoting *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 159 (1955). Defendant considers the purposes of the Code as set forth in section 1—1—2 (730 ILCS 5/1—1—2 (West 1994)) to be (1) to impose sentences in light of the seriousness of the crime and the rehabilitative potential of the offender; (2) to prevent arbitrariness in sentencing; and (3) to rehabilitate the offender. According to defendant, rather than furthering these goals, the merger provision actually hinders the statutory goals by ignoring the rehabilitative potential of offenders. Defendant contends that those subjected to simultaneous sentencing for felonies and misdemeanors will face the harsher penalty of having to serve more actual time in prison. Defendant further contends that this will lead to the neglect of an offender's rehabilitative potential as a sentencing objective because the operation of the merger provision will lead to a longer term of imprisonment without regard to whether one offender deserves such a longer period of incarceration. We reject defendant's argument.

The test for a due process claim is whether the statute is rationally related to a legitimate state goal. *People v. Kimbrough*, 163 Ill. 2d 231, 242 (1994). Defendant has failed to show how the operation of the merger provision is not rationally related to the state's legitimate penal goals. By essentially repeating his argument, defendant maintains that the operation of the merger provision will automatically require a prisoner whose felony and misdemeanor sentences are not merged to serve more time than one whose sentences are merged. This is simply not the case. Thus, the merger provision does not have the effect of minimizing the rehabilitative potential of the offender as defendant claims. Rather, the merger provision serves the legitimate goals of avoiding overcrowding in county jails, avoiding the piecemeal punishment of prisoners, and aiding in their rehabilitation by providing the offender with the goal of serving a single sentence. *People v. Singleton*, 103 Ill. 2d 339, 343 (1984) (analyzing predecessor statute substantially similar to instant statute). We thus

282

conclude that the merger provision is reasonably designed to accomplish its purposes. Defendant's due process arguments are without merit.

For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

McLAREN, P.J., and THOMAS, J., concur.