THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN R. LUELOFF, Defendant-Appellant.

Second District   No. 2—86—0257

Opinion filed October 7, 1987.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lori J. Miller, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

The defendant, John R. Lueloff, appeals from an order of the circuit court denying his motion for discharge from misdemeanor probation. On appeal, the defendant contends that according to sections 5—7—8(a) and 5—8—4(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—7—8(a), 1005—8—4(d)), his completion of a three-year term of imprisonment satisfied his misdemeanor probation of periodic imprisonment, even though he was incarcerated only for approximately one week due to credit for time previously served.

On July 31, 1985, the defendant pleaded guilty to the offenses of

driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)) and driving while license revoked (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303). The defendant was placed on one year's probation, which sentence required him, *inter alia*, to serve 30 days in the county jail and six months of periodic imprisonment. The defendant was ordered to commence serving his 30-day jail sentence immediately.

Prior to the imposition of defendant's misdemeanor sentence, he was placed on probation for an unrelated felony conviction for burglary. On October 21, 1985, the defendant's felony probation was revoked, and he was resentenced to a three-year term of imprisonment in the Department of Corrections with credit for time served in the county jail and for time served on probation in the amount of 547 days. Apparently, the defendant's 547-day credit for time served under his felony probation resulted in his release from the Department of Corrections approximately seven days after entering that facility.

On November 18, 1985, the defendant filed a motion for discharge from his misdemeanor probation. The defendant's motion asserted that under sections 5—7—8(a) and 5—8—4(d) of the Code (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—7—8(a), 1005—8—4(d)), his felony and misdemeanor sentences merged, which resulted in the termination of his misdemeanor probation upon the successful service of his felony sentence. After a hearing on the defendant's motion, the circuit court found the general legislative intent underlying sections 5—7—8(a) and 5—8—4(d) indicated that the defendant's felony and misdemeanor sentences should be merged to run concurrently; however, neither sentence extinguished the other. Consequently, the circuit court denied the defendant's motion to discharge his misdemeanor probation. On June 17, 1986, we granted the defendant's motion for leave to file a late notice of appeal.

The sole issue raised in this appeal is whether, under the plain language of section 5—7—8(a) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—7—8(a)), the defendant's incarceration for approximately one week in the Department of Corrections satisfied his misdemeanor sentence of periodic imprisonment. We note initially that neither party has directed us to a case on point, and our independent research has not discovered any. Apparently, the issue raised on review presents this court with a case of first impression in Illinois. In order to resolve this case, we must interpret the statutory language of section 5—7—8(a).

In the relevant part, section 5—7—8(a) states:

"The service of a sentence of imprisonment shall satisfy any

sentence of periodic imprisonment which was imposed on an offender for an offense committed prior to the imposition of the sentence. An offender who is serving a sentence of periodic imprisonment at the time a sentence of imprisonment is imposed shall be delivered to the custody of the Department of Corrections to commence service of the sentence immediately." Ill. Rev. Stat. 1985, ch. 38, par. 1005—7—8(a).

■■ The defendant correctly points out that the language of section 5—7—8(a) is clear on its face. When the language of a statute is unambiguous, its meaning should be given effect without resorting to supplementary principles of statutory construction. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076; *People v. Singleton* (1984), 103 Ill. 2d 339, 341, 469 N.E.2d 200.) In order to resolve the issue raised in this case, we must discern the meaning of the phrase "service of a sentence of imprisonment" as used in section 5—7—8(a).

The defendant contends that the phrase "service of a sentence of imprisonment" does not mean that the defendant must actually be incarcerated for the entire term of the sentence imposed upon him. Instead, the defendant asserts that the imposition of a sentence of imprisonment is "service of a sentence of imprisonment" regardless of whether he was granted early release from the Department of Corrections. In other words, under the defendant's interpretation of the plain language of section 5—7—8(a), the mere imposition of a sentence of imprisonment satisfies any prior sentence of periodic imprisonment. We disagree with the defendant's interpretation of section 5—7—8(a).

■■■ ■ "Statutory words are presumed to have their ordinary and popularly understood meanings." (*People v. Caffrey* (1983), 97 Ill. 2d 526, 530, 455 N.E.2d 60.) We are well aware that the legislature saw little value in tacking a sentence of periodic imprisonment onto the beginning or end of a continuous prison term. (See Ill. Ann. Stat., ch. 38, par. 1005—7—8, Council Commentary, at 21-22 (Smith-Hurd 1982).) We are equally compelled, however, to construe statutes so that language is not rendered meaningless or superfluous (see *People v. Singleton* (1984), 103 Ill. 2d 339, 345, 469 N.E.2d 200), and so that we do not reach an absurd result (see *Stewart v. Industrial Com.* (1987), 115 Ill. 2d 337, 341, 504 N.E.2d 84). We conclude that the phrase "the service of a sentence of imprisonment" as contained in section 5—7—8(a) means that a defendant must actually be incarcerated before any sentence of periodic imprisonment can be satisfied. We reach this result for three reasons, which we discuss below.

■ First, by accepting the defendant's interpretation of section 5—7—8(a), the word "service" would be rendered meaningless and superfluous. If, as the defendant proposes, the imposition of a sentence of imprisonment satisfies any sentence of periodic imprisonment, then the legislature could have shortened section 5—7—8(a) to read "a sentence of imprisonment" as opposed to "the service of a sentence of imprisonment." The legislature, however, included the word "service," and we construe section 5—7—8(a) so as to give that word its proper import.

■ Second, the defendant's interpretation of section 5—7—8(a) leads to an absurd result. The defendant's misdemeanor conviction resulted in the revocation of his probation for a prior unrelated felony. Subsequently, the defendant was sentenced to three years in the Department of Corrections; however, he was released approximately one week after entering that facility. We note that the record fails to explain adequately why the defendant was released without serving his entire prison term. Additionally, we cannot take judicial notice of the mittimus appended to the defendant's brief because matters not properly in the record will not be considered on review. (See *Jenkins v. Wu* (1984), 102 Ill. 2d 468, 483, 468 N.E.2d 1162.) Therefore, based on the fortuity of the defendant's early release from his felony sentence, defendant contends he effectively escaped the punishment imposed by his misdemeanor conviction.

■ The legislature enacted section 5—7—8(a) to prevent the tacking of a sentence of periodic imprisonment onto a *continuous* prison term. (See Ill. Ann. Stat., ch. 38, par. 1005—7—8, Council Commentary, at 21-22 (Smith-Hurd 1982).) It follows that the legislature did not enact section 5—7—8(a) to provide a means by which a defendant could escape punishment from the conviction of a crime. Consequently, we conclude that in order to avoid an absurd result, the phrase "the service of a sentence of imprisonment" must be construed to mean that a sentence of periodic imprisonment is satisfied to the extent of actual incarceration of an offender pursuant to a sentence of imprisonment.

■ Third, in determining legislative intent, a statute must be read as a whole and all relevant parts considered. (*People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569.) Section 5—7—8(b) states:

"If a sentence of imprisonment under Section 5—8—3 is imposed on an offender who is under a previously imposed sentence of periodic imprisonment, such person shall commence service of the sentence immediately. Where such sentence is for

a term in excess of 90 days, the service of such sentence shall satisfy the sentence of periodic imprisonment." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—7—8(b).) Therefore, an offender must serve at least 90 days of a misdemeanor sentence in prison in order to satisfy any prior sentence of periodic imprisonment. In our view, in light of section 5—7—8(b)'s requirement that an offender sentenced for a misdemeanor serve 90 days in prison to satisfy a sentence of periodic imprisonment, to adopt the defendant's reasoning that service of a seven-day sentence for a felony satisfies a sentence of periodic imprisonment would turn the statute on its head.

█ We determine that under section 5—7—8(a) a sentence of periodic imprisonment imposed on an offender for an offense committed prior to the imposition of a sentence of imprisonment is satisfied to the extent of actual incarceration served by the offender pursuant to the imprisonment sentence. The defendant here was incarcerated apparently for approximately one week of a three-year sentence of imprisonment. This did not completely satisfy defendant's periodic imprisonment sentence. We therefore conclude that the circuit court of Lake County properly denied defendant's motion for discharge from misdemeanor probation.

Affirmed.

WOODWARD and UNVERZAGT, JJ., concur.