THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHRISTOPHER BROM, Defendant-Appellant.

Second District   No. 2—89—0261

Opinion filed October 19, 1989.

Allan J. Marco, of Marco & Stefanos, of Downers Grove, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Christopher Brom, appeals the trial court's denial of his motion to vacate his guilty plea and sentence for driving under the influence of alcohol (DUI) in violation of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Upon the entry of defendant's guilty plea, the trial court sentenced defendant to 12 months' probation, participation in a DUI program and a $500 fine. Defendant contends that he is eligible to receive court supervision pursuant to section 5—6—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(d)). We affirm.

On May 8, 1983, defendant was arrested for DUI; he was assigned one year of court supervision for this offense on August 30, 1984. On August 20, 1988, defendant was again arrested and *charged* with DUI and improper lane usage. He submitted to a chemical test at the Willowbrook police department, and the arresting officer's sworn report notes the test result as 0.19% blood-alcohol content. The Secretary of State notified defendant of the statutory summary suspension of his driver's license and driving privileges effective October 5, 1988, through January 5, 1989. The Secretary's notice stated that defendant was a first offender.

Defendant filed a petition for a judicial driving permit which the trial court granted. Defendant's full driving privileges were restored on January 10, 1989.

Defendant subsequently pleaded guilty to the charges of DUI and improper lane usage and stipulated that there existed a sufficient factual basis for the charges. The court accepted defendant's pleas. In aggravation, the State offered defendant's driving record, including the fact that defendant had been placed on court supervision for the earlier DUI offense on August 30, 1984. For this reason, the State opposed court supervision and recommended one year of probation and counseling. The trial court sentenced defendant to 12 months' probation, participation in a DUI program and a $500 fine. In announcing this sentence, the trial court opined that the sentencing statute was unclear as to whether the court should consider the five-year

period to commence with the arrest date of a defendant's earlier offense, the disposition date, or the end-of-supervision date. The court took the position that the statute should be interpreted in the manner "whichever is worse for the defendant" and found that defendant was not eligible for court supervision.

On appeal, defendant claims that since the Secretary of State considered him a first offender with regard to the statutory summary suspension of his driving privileges for only three months and with regard to the issuance of a judicial driving permit pursuant to section 6—206.1(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(A)(a)), the court should consider him a "first offender" for sentencing purposes as well.

■ Although defendant obtained a judicial driving permit, it would appear from the record that he was ineligible to file a petition in this regard. The applicable statute provides, in pertinent part, "the first offender as defined in section 11—500 may petition *** for a Judicial Driving Permit." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a).) In turn, section 11—500 defines "first offender" as follows:

> "[A]ny person who has not had a previous conviction or court assigned supervision for [DUI] *** within the last 5 years." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.)

In spite of the fact that defendant had received court-assigned supervision on August 30, 1984, and was arrested less than four years later for DUI, he successfully petitioned for a judicial driving permit. We believe the Secretary's finding that defendant was a first offender was erroneous, and the judicial driving permit was improperly issued.

■ Defendant further argues that the trial court had discretion to assign him court supervision pursuant to section 5—6—1(d) of the Uniform Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(d)) because this statute is somewhat ambiguous and ambiguity in criminal statutes is to be resolved in favor of defendants. Although defendant correctly identifies the legal principles for construction of ambiguous criminal statutes, he fails to provide a citation to authority as required in Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)). However, even if defendant provided an appropriate citation, this principle is unavailing as the statute is not ambiguous. It is well established that in construing a statute, the court is obligated to ascertain and give effect to the intent of the legislature, and, generally, the language of the statute itself is the best indicator of that intent. (*People v. Goins* (1988), 119 Ill. 2d 259, 265; *People v. Duff* (1989), 181 Ill. App. 3d 324, 325.) When the language of the statute is clear and unambiguous, the court

is not authorized to resort to supplementary principles of statutory construction (*People v. Lueloff* (1987), 161 Ill. App. 3d 432, 435), and it may not read into such unambiguous statutory language exceptions, limitations or conditions (*Goins*, 119 Ill. 2d at 265).

■■ ■ The statute at issue, section 5—6—1(d) of the Unified Code of Corrections, provides that court supervision is not available as a sentencing alternative for a DUI defendant who has done one of three things in the last five years. Those three things are: (1) defendant has been convicted of DUI or a similar local offense; (2) defendant has been assigned court supervision for DUI or a similar local offense; (3) defendant has pleaded guilty to or stipulated to the facts supporting a charge of reckless driving or a similar local violation pursuant to a plea agreement. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(d).) There is not a fourth category included in this statute which states, "the defendant has been arrested for DUI or a similar local viola-tion." The plain language of the statute convinces us that the five-year period contemplated commences with the subject defendant's conviction, assignment of supervision or guilty plea. The statute does not state, nor will we imply, a fourth alternative, *viz.*, that the five-year period is to commence with a defendant's *arrest*. Thus, we con-clude that defendant's argument that the trial court had discretion to grant him supervision is simply not supported by the plain and unam-biguous language of the section. We notice the conspicuous absence of references to legal authority to support defendant's interpretation of this statute in violation of Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)).

■■ In view of the plain and unambiguous language of section 5—6—1(d), we determine that defendant is not eligible to receive court supervision since he had been assigned court supervision for DUI within five years of the filing of charges of the instant DUI. The trial court's finding that the statute is ambiguous and should therefore be interpreted in whichever manner is worse for a defendant is not cor-rect; however, its conclusion that it lacked discretion to grant defend-ant court supervision is correct. We may affirm the trial court's judg-ment even if the court's reasoning is incorrect. (*Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286.) Accordingly, the order of the circuit court of Du Page County is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.