THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP TRITTHARDT, Defendant-Appellant.

Second District   No. 2—88—1215

Opinion filed March 14, 1990.

Donald J. Ramsell, of Ramsell & Associates, of Schaumburg, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Phillip Tritthardt, appeals from an order of the circuit court denying his motion to declare unconstitutional the definition of "first offender" in section 11—500 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and also to declare unconstitutional sections 5—6—1(d)(1) and 5—6—1(d)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—1(d)(1), (d)(2)). Defendant argued before the trial court and maintains on appeal that these sections are unconstitutional because they violate the equal protection clauses of the constitutions of the United States and the State of Illinois.

Defendant was arrested and charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) on April 28, 1983. He was convicted of that offense on December 18, 1983. In October 1988, defendant was again arrested and charged with DUI. The Secretary of State suspended defendant's driver's license for one year beginning November 28, 1988.

Prior to the DUI trial, defendant filed a motion requesting that the court declare unconstitutional the definition of "first offender" in section 11—500 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and also declare unconstitutional sections 5—6—1(d)(1) and 5—6—1(d)(2) (supervision statute) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(d)). (The supervision statute excludes from eligibility for an order of supervision those defendants convicted of DUI who had been convicted of a similar offense or had been assigned supervision for DUI within the previous five years.) (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—1(d)(1), (d)(2).) The court denied the motion. Following a stipulated bench trial, the court found defendant guilty of DUI and sentenced him to a term of seven days in the county jail with one year of probation.

Since defendant had been convicted of DUI within five years of his second DUI arrest, he was ineligible for an order of supervision, and he was also ineligible for a judicial driving permit (JDP) (see Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1). Defendant contends on appeal that the trial court erred in denying his motion to declare the supervision statute and section 11—500 of the Illinois Vehicle Code unconstitutional as violative of the equal protection clauses. Although the supervision statute and section 11—500 are not identical, their application to defendant and effect on him are sufficiently similar to permit us to combine the issues for purposes of this appeal. Compare Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—1(d)(1), (d)(2), with Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.

The basis of defendant's contention is that the determination of first-offender status from the date of conviction, rather than the date of the commission of the offense (see *People v. Brom* (1989), 189 Ill. App. 3d 910), creates two classes of defendants who are similarly situated, yet treated differently. Defendant argues that the statutes differentiate between persons on the basis of the date of prior conviction or supervision regardless of the date of the commission of the prior DUI offense. Arguing by example, defendant presents the following scenario. Another offender also was arrested for DUI on April 28, 1983, but that offender pleaded guilty and was convicted on June 28, 1983, whereas defendant was not convicted until December 1983. Both the offender and defendant were again arrested for DUI in October 1988. The hypothetical offender would be eligible for a JDP and supervision as a first offender, but defendant would not because his conviction was less than five years old at the time of the second arrest. Defendant asserts that there is no rational basis for treating him differently from the hypothetical offender, since they both committed

170

the same offense on the same day.

▮▮ ▮ A denial of equal protection is an arbitrary and invidious discrimination against a person or class. (*Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, 236.) A statute invidiously discriminates "when government withholds from a person or class of persons a right, benefit or privilege without a reasonable basis for the governmental action." (*Chicago National League Ball Club, Inc. v. Thompson* (1985), 108 Ill. 2d 357, 367.) Where, as here, the legislation does not operate to the disadvantage of a suspect classification or infringe on a fundamental right, it will be upheld if it bears a rational relationship to a legitimate governmental interest. (*People v. Esposito* (1988), 121 Ill. 2d 491, 500.) The legislature has broad latitude and discretion in drawing statutory classifications, and those classifications are presumed to be valid. (*Bilyk*, 125 Ill. 2d at 236.) "A legislative classification will be upheld if any set of facts can be reasonably conceived which justify distinguishing the class to which the law applies from the class to which the statute is inapplicable." *Bilyk*, 125 Ill. 2d at 236.

▮ We must determine whether running the five-year time period from the date of conviction rather than the date of arrest invidiously discriminates against some drivers. Obviously, the legislature had to choose a date from which the five-year time period would run. The date of conviction is the most practical commencement point because the five-year period begins to run when the conviction is entered, rather than beginning retroactively. (*Cf. People v. Carlock* (1981), 102 Ill. App. 3d 1100, 1103 (wherein this court concluded that the plain language of the statute demonstrates that penalty for a second or subsequent offense for obscenity could not be enhanced unless there had been a prior *conviction* of defendant for an obscenity offense); see also *People v. Brom* (1989), 189 Ill. App. 3d 910 (in which this court found that the plain language of the statute demonstrates that the five-year period commences with the defendant's conviction, assignment of supervision, or guilty plea).) *Brom* further finds that the statute does not state or imply a fourth alternative, namely, that the period is to commence with the defendant's arrest. (*Brom*, 189 Ill. App. 3d at 913.) In addition, it is fairer to calculate the time period from the date of conviction than from the date of arrest because in the former case everyone in fact must wait five years before he or she is eligible for either benefit, whereas in the latter, the actual time that a defendant would have to wait varies. The present statutory scheme treats everyone the same: no one is eligible for a JDP or supervision for a period of five years from the date of conviction or from the date

an order of supervision is imposed for DUI. The statutory scheme is reasonable and related to the legislative purposes.

■■ Because defendant has failed to maintain his burden to show that the statutory scheme invidiously discriminates against a class of persons, we conclude that section 11—500 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and sections 5—6—1(d)(1) and 5—6—1(d)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—1(d)(1), (d)(2)) are constitutional.

The order of the circuit court is affirmed.

Affirmed.

REINHARD and McLAREN, JJ., concur.