THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRIAN B. GERDES, Defendant-Appellant.
Fourth District   No. 4—89—0604

Opinion filed April 5, 1990.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate De-
fender's Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by defendant Brian B. Gerdes from a judgment of conviction entered in the circuit court of Woodford County following a guilty plea for driving while his license was revoked (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(a)). Defendant was sentenced to 12 months' probation conditioned on his paying costs of $158.30 and serving 365 days' periodic imprisonment with actual incarceration at all times other than between the hours of 1 to 4 p.m. each Saturday. Defendant was given credit of 257 days previously served, and the trial court directed that the sentence run consecutive to the sentence of imprisonment imposed in McLean County case Nos. 87—CF—456, 88—CF—275.

Initially, defendant concedes he failed to file a motion to withdraw his guilty plea prior to initiating this appeal, but argues that this appeal should not be dismissed by reason of the decision of *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, because the trial court failed to admonish defendant concerning his right to appeal and the need to file a motion to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)). The State concedes that the trial court failed to properly admonish defendant as to his right to appeal and agrees with defendant's contention. See *People v. Favelli* (1988), 176 Ill. App. 3d 618, 531 N.E.2d 386.

■ However, in this case, the only issues raised by defendant on appeal are issues concerning sentencing. As *Wilk* points out, there is no need to file a motion to withdraw a guilty plea to raise issues concerning sentencing as long as a motion to reconsider the sentence is filed. And since Rule 605(b) does not require an admonishment concerning the filing of a motion to reconsider the sentence, the trial court's failure to admonish pursuant to Rule 605(b) cannot form the basis for preserving the issues in the instant appeal.

■ ■ Defendant admittedly did not file a motion to reconsider the sentence in the trial court before appealing to this court. Ordinarily, the failure to file a post-trial motion results in a waiver of the issues for purposes of appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Courts have held that no motion to reconsider need be filed to challenge the severity of the sentence in order to preserve that issue on review (*People v. Kennedy* (1989), 188 Ill. App. 3d

1, 543 N.E.2d 617). Moreover, even if a motion to reconsider were required to be filed, pursuant to Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)), a reviewing court has the discretion to consider plain error or defects which affect substantial rights of the defendant even though defendant may have waived those issues for purposes of review. (See *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 461.) Since substantial rights of defendant are involved here, any error which may have occurred here would be plain error.

The first issue to consider is whether the trial court erred in ordering defendant's 365 days of periodic imprisonment to be served consecutive to a term of imprisonment defendant was serving for felony charges tried in McLean County. The State concedes that error has occurred.

■ In *People v. Lueloff* (1987), 161 Ill. App. 3d 432, 514 N.E.2d 579, the only case cited by the parties, the appellate court reviewed a trial court's order of concurrent terms of imprisonment for a felony and periodic imprisonment for a misdemeanor, where the trial court also ruled that neither sentence extinguishes the other. The appellate court disagreed, relying on section 5—7—8(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—7—8(a)). The reviewing court held "a sentence of periodic imprisonment imposed on an offender for an offense committed prior to the imposition of a sentence of imprisonment is satisfied to the extent of actual incarceration served." (*Lueloff,* 161 Ill. App. 3d at 437, 514 N.E.2d at 582.) The rationale is that section 5—7—8(a) is designed to prevent the tacking of a sentence of periodic imprisonment onto a continuous prison term. Moreover, the periodic imprisonment herein is a condition of defendant's probation. Therefore, just as the trial court could not impose a sentence of probation consecutive to a sentence of imprisonment (*People v. Mack* (1985), 133 Ill. App. 3d 788, 479 N.E.2d 445), it is impermissible to require the periodic imprisonment to be served consecutive to the sentence of imprisonment. Under the Code, "imprisonment" means incarceration in a correctional facility under a sentence of imprisonment and does not include "periodic imprisonment" under section 5—1—10 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—1—10). Since consecutive terms of imprisonment are referred to only in section 5—8—4 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4 (imprisonment)) and are not mentioned in section 5—7—1 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1 (periodic imprisonment)), it is obvious the legislature never intended the consecutive-sentence provision to be applied with periodic imprisonment.

Defendant next contends that the trial court failed to properly credit defendant with an additional 45 days for time served by defendant. The State contends that question is moot because, if the sentences are required to run concurrent with the sentence of imprisonment on the McLean County cases, as this court has already determined, the term of periodic imprisonment has already been served regardless of whether the proper credit was 257 days, or the 302 days now demanded by defendant. Since the consideration of the first issue requires remand, and since it is more appropriate for the trial court to assess the proper credit, this court need not decide this issue.

Accordingly, the judgment of the circuit court of Woodford County is affirmed in all respects, except: that portion of the order of probation indicating the sentence is to be served consecutive to sentence of imprisonment in the McLean County cases is reversed, and the cause is remanded for the trial court to amend the order of probation consistent with this opinion.

Affirmed in part; reversed in part and remanded.

LUND and McCULLOUGH, JJ., concur.