THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID ORTIZ, Defendant-Appellant.

Second District    No. 2—00—0072

Opinion filed May 3, 2001.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Pursuant to a negotiated plea agreement, defendant, David Ortiz, pleaded guilty to driving while his driver's license was revoked (625 ILCS 5/6—303(d) (West 1998)), and he was sentenced to 30 months' intensive probation. One condition of defendant's intensive probation required defendant to serve 18 months' periodic imprisonment with 6 months stayed, and defendant was to be released from jail only for employment and substance abuse treatment. On appeal, defendant argues that the trial court erred when it sentenced him to 18 months' periodic imprisonment because the maximum sentence under the sentencing statute was 12 months' periodic imprisonment. We agree, and we modify defendant's sentence.

On July 29, 1999, defendant pleaded guilty to driving while his driver's license was revoked. Defendant pleaded guilty in exchange for a sentencing cap of 18 months' imprisonment. On October 7, 1999, defendant was sentenced to 30 months' probation and 18 months' periodic imprisonment. On October 19, 1999, defendant filed a motion to reconsider his sentence, arguing that his sentence was excessive. This motion was denied the same day it was filed. On November 11, 1999, defendant filed a *pro se* motion to vacate his plea of guilty. An attorney was appointed to represent defendant, and on November 19, 1999, defendant's attorney filed a motion to withdraw defendant's guilty plea, arguing that defendant's plea was not entered knowingly and voluntarily.

On January 13, 2000, when the hearing on defendant's motion to withdraw his guilty plea was held, defendant's attorney argued that the trial court erred when it gave defendant 18 months' periodic imprisonment because, under the statute, 12 months was the maximum term the trial court could impose. The trial court rejected defendant's argument and denied defendant's motion to withdraw his guilty plea. Defendant filed a notice of appeal at the end of the January 13, 2000, proceedings.

■■ Initially, we note that defendant's appeal was not timely filed because his second postjudgment motion did not extend the time he had to file his notice of appeal. We nevertheless will address the issue defendant raises on appeal because he argues his sentence was void. See *People v. Malchow*, 306 Ill. App. 3d 665, 675-76 (1999) (when trial court imposes a sentence for which the legislature did not provide, the sentence is void and may be challenged at any time). Section 5—6—3(b)(1) of the Unified Code of Corrections (Code) (730 ILCS 5/5—6—3(b)(1) (West 1998)) provides that a court may order periodic imprisonment as a condition of probation. However, any term of periodic imprisonment must not exceed the limits specified in section 5—7—1(d) of the Code (730 ILCS 5/5—7—1(d) (West 1998)). Section 5—7—1(d) of the Code provides that "no person shall be sentenced to a term of periodic imprisonment longer than one year if [the person] is committed to a county correctional institution or facility, and in conjunction with that sentence participate[s] in a county work release program comparable to the work and day release program provided for in Article 13 of the Unified Code of Corrections in State facilities." 730 ILCS 5/5—7—1(d) (West 1998).

■ Here, defendant was sentenced to probation, and, as a condition of probation, he was sentenced to 18 months' periodic imprisonment. The conditions of defendant's sentence provided that defendant was to be released only for work and treatment. From the record on

appeal, it appears that the "work release" in which defendant was engaged was comparable to the work release program provided for in the Code. Given these facts, we conclude that the maximum term of periodic imprisonment to which defendant could be sentenced was 12 months. Thus, we reduce defendant's term of periodic imprisonment from 18 months to 12 months. See 134 Ill. 2d R. 615(b)(4); *People v. Elliott*, 225 Ill. App. 3d 747, 755 (1992).

The State implies in its brief that the fact that defendant was sentenced to probation as opposed to work release means that the court was not required to follow the 12-month restriction presented in the work release statue. The State's argument lacks merit. For example, under the State's argument a trial court could order a defendant who commits a Class 4 felony, like defendant here, to be confined in jail for the maximum term of probation as long as the court, as a condition of probation, orders that the defendant be released every Saturday for two hours to visit his children. Thus, the defendant essentially could be imprisoned under the probation statute for 30 months (see 730 ILCS 5/5—6—2(b)(2) (West 1998)) even though the conditions for probation specifically prohibit the court from imposing a prison term in excess of 6 months (see 730 ILCS 5/5—6—3(e) (West 1998)). We determine that the legislature never intended the probation and sentencing statutes to be so easily circumvented by the periodic imprisonment statute.

For the above-stated reasons, we affirm as modified the judgment of the circuit court of Lake County.

Affirmed as modified.

HUTCHINSON, P.J., and McLAREN, J., concur.