No. 2--02--0117

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lake County.

)

Plaintiff-Appellee, )

) Nos. 99--CF--3023

v. )     00--CF--1672

)

ROMMEL REYES, ) Honorable

) Victoria A. Rossetti,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Rommel Reyes, appeals from an order denying his motion to reconsider his sentence.  Following a bench trial, defendant was convicted of the offense of false personation of a peace officer (720 ILCS 5/32--5.1 (West 2000)), which he committed  while on probation for the offenses of criminal sexual abuse (720 ILCS 5/12--15 (West 2000)) and official misconduct (720 ILCS 5/33--3 (West 2000)).  His probation was revoked, and he was sentenced for all three offenses on January 5, 2001, and ordered to serve 30 months of intensive probation.  A condition of the intensive probation was that defendant serve an 18-month term of periodic imprisonment with release permitted only for work or treatment.  On December 19, 2001, defendant moved to modify his sentence, which the trial court denied.  Defendant timely appeals following the trial court's denial of his motion to reconsider.  We affirm.

Defendant contends that his sentence to serve an 18-month term of periodic imprisonment exceeded the 12-month limitation provided in section 5--7--1(d) of the Unified Code of Corrections (the Code) (730 ILCS 5/5--7--1(d) (West 2000)). Initially, we note that defendant's 18-month term of periodic imprisonment was completed in June 2002.  Nevertheless, because defendant argues that the portion of his sentence beyond the statutory maximum is void, we will address the issue on appeal.  See 
People v. Malchow
, 306 Ill. App. 3d 665, 675-76 (1999), 
aff'd
, 193 Ill. 2d 413 (2000) (stating that, when the trial court imposes a sentence for which the legislature did not provide, the sentence is void and may be challenged at any time).

Determining the proper sentence for a defendant is a matter within the trial court's discretion.  
People v. Johnson
, 66 Ill. App. 3d 608, 610 (1978).  Thus, absent an abuse of that discretion, the trial court's determination on a request for a modification of a sentence will stand.  
Johnson
, 66 Ill. App. 3d at 610.

Section 5--6--3(b)(1) of the Code provides that a trial court may order periodic imprisonment as a condition of probation.  730 ILCS 5/5--6--3(b)(1) (West 2000).  However, any term of periodic imprisonment must not exceed the limits specified in section 5--7--1 of the Code.  Section 5--7--1(d) of the Code provides that "no person shall be sentenced to a term of periodic imprisonment longer than one year if [the person] is committed to a county correctional institution or facility, and in conjunction with that sentence participate[s] in a county work release program comparable to the work and day release program provided for in Article 13 of the Unified Code of Corrections in State facilities."  730 ILCS 5/5--7--1(d) (West 2000).

Defendant argues that the terms of his sentence are substantially similar to those that we reduced in 
People v. Ortiz
, 321 Ill. App. 3d 920 (2001).  In 
Ortiz
, the trial court sentenced the defendant to serve 18 months' periodic imprisonment with release from jail only for employment and substance abuse treatment.  
Ortiz
, 321 Ill. App. 3d at 921.  On appeal, we reduced the defendant's 18-month term of periodic imprisonment to a 12-month term because we concluded that the defendant participated in a work release program and, therefore, the 18-month term exceeded the limits of section 5--7--1(d) of the Code.  
Ortiz
, 321 Ill. App. 3d at 921-22.  In so holding, we noted that, even though the trial court did not specifically state that the defendant was to participate in the work release program, "[f]rom the record on appeal, it appear[ed] that the 'work release' in which defendant was engaged was comparable to the work release program provided for in the Code."  
Ortiz
, 321 Ill. App. 3d at 921-22.  Accordingly, our inquiry here is whether defendant's sentence to serve periodic imprisonment with release for work and treatment can be equated as participation in a work release program as provided for in the Code.

Unlike 
Ortiz
, the trial court in the present case provided specific details about the sentence it was imposing on defendant.  At defendant's sentencing hearing, the trial court stated:

"I am not going to send you to prison. ***

I am going to place you on intensive probation for 30 months.  You will not walk out of here today.  You are going to be sentenced to serve 18 months of periodic imprisonment.  You are going to be taken into custody today.  You will be released only for work and treatment.

***

You will not be released for any reason other than for treatment or for work.  You will not have passes on the weekend.  You will not be released by the Lake County Jail unless it is approved by me."

In addition, the sentencing order specifically stated that defendant was not part of the work release program and he was to be held in the Lake County jail until a bed was available that was separate from the work release program.  The order further stated that defendant was to follow all the rules of periodic imprisonment, receive no passes, and be permitted release only for work and treatment.

The record reveals that the trial court took extra care to articulate that defendant was sentenced to serve periodic imprisonment and excluded from a work release program.  At the hearing on the motion to reconsider, defense counsel advanced the argument that this was a distinction without a difference.  There, defense counsel stated, "[I]t's unfortunate that the county, and maybe we're not the only county, would kind of generically throw everybody into a work release program.  It's difficult to distinguish times between periodic [imprisonment] and work release."  He continued, arguing that the only distinguishing feature, from the inmates' perspective, was that work release program participants were eligible for passes.  The assistant State's Attorney countered, arguing that "a side-by-side comparison of [the Lake County] work release program *** and the Department of Corrections work release program would indicate two very different programs" and doubted "whether Lake County even ha[d] a work release program as contemplated by the statute."  On appeal, defendant does not raise the contention that persons serving terms of periodic imprisonment are effectively placed in a work release program by the county.  When a party fails to argue an allegation of error on appeal, that contention is abandoned and will not be considered.  See 
McDonnell v. McPartlin
, 192 Ill. 2d 505, 527 (2000).  Therefore, we will determine what sentence was imposed on defendant based on the record provided.

A sentence of periodic imprisonment may be imposed to allow the defendant to seek employment, work, or obtain medical or psychological treatment, among other things.  730 ILCS 5/5--7--1(b) (West 2000).  In this case, the sentence imposed was for 18 months of periodic imprisonment with release for work and treatment but not for participation in the work release program.  Based on these facts, we conclude that defendant was not ordered to participate in the county work release program or another program provided by the Code in conjunction with his sentence of periodic imprisonment.  Neither 
Ortiz
 nor section 5--7--1(d) of the Code applies to reduce defendant's sentence.  Accordingly, we hold that the trial court did not abuse its discretion when it denied defendant's motion to reconsider his sentence.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and CALLUM, JJ., concur.