THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL J. McNETT, Defendant-Appellant.

Second District   No. 2—01—0864

Opinion filed April 14, 2003.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Constance Augsburger, of Mt. Morris, for the People.

JUSTICE BOWMAN delivered the opinion of the court:

In separate cases, defendant, Daniel McNett, pleaded guilty to two felony counts of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a) (West 1998)), as well as a felony count of driving while his license was revoked (DWLR) (625 ILCS 5/6—303 (West 1998)). Pursuant to a plea agreement, he received 2 concurrent 30-month sentences of imprisonment and a consecutive 30-month sentence of probation with the condition that he serve 18 months of periodic imprisonment. Defendant later moved to vacate the periodic imprisonment condition, alleging that it was void. The trial court reduced the term from 18 months to 12 months, but refused to vacate the remainder of the term. Defendant appeals, contending that the court lacked authority to impose periodic imprisonment consecutive to a prison term.

In case No. 99—CF—1521, defendant was charged with felony DUI and a misdemeanor count of DWLR. In case No. 99—CF—1280, he was charged with a misdemeanor count of DWLR and felony DUI.

In case No. 99—CF—1472, he was charged with felony DUI and felony DWLR.

Pursuant to an agreement with the State, defendant pleaded guilty to all the charges except the DUI in case No. 99—CF—1280, which the State nol-prossed. Under the agreement, defendant was sentenced to concurrent 30-month prison terms for the DUI in case No. 99—CF—1521 and the DWLR in case No. 99—CF—1280. In case No. 99—CF—1472, he was sentenced to 30 months of probation for each charge, with the condition that he serve 18 months of periodic imprisonment. The probation terms were to be served concurrent to each other, but consecutive to the prison sentences in the other two cases. The purpose of structuring the sentences in this way was so that defendant could receive treatment for his alcoholism while in the county jail.

On July 12, 2000, defendant, who had retained a new attorney, moved to stay or vacate the periodic imprisonment term. The trial court, through Judge John T. Phillips, denied the motion on July 28, 2000. On August 25, 2000, defendant moved to reconsider. However, he took no further action on the motion until December 12, 2000, when the State moved to revoke his probation.

Over the next several months, defendant, at various times acting *pro se,* represented by the appellate defender, or represented by private counsel, filed numerous motions, including one alleging that all of the judges of the Nineteenth Judicial Circuit were prejudiced against him. Defendant and his attorneys also filed various new or amended motions to vacate the periodic imprisonment term.

On May 21, 2001, the court, through Judge Mary S. Schostok, denied defendant's request to vacate his periodic imprisonment. The court agreed with defendant that under this court's decision in *People v. Ortiz,* 321 Ill. App. 3d 920 (2001), he could not be sentenced to more than 12 months of periodic imprisonment. Therefore, the court vacated six months of the term, which resulted in defendant's immediate release from custody. However, relying on *People v. Wendt,* 163 Ill. 2d 346 (1994), the court ruled that the remainder of the sentence was not void. On June 1, 2001, defendant filed a notice of appeal.

■ Before turning to the merits, we must dispose of two preliminary matters. The State contends that we lack jurisdiction to hear this appeal because defendant filed his notice of appeal nearly two years after he received the sentence he complains of and almost one year after his first motion to vacate the sentence was denied. However, defendant contends that the sentence was void, and a void order may be attacked at any time. *Ortiz,* 321 Ill. App. 3d at 921. In *Ortiz,* we reached the merits of the appeal under similar circumstances, and we conclude that we have jurisdiction of the present appeal as well.

■ We also note that this case appears to be moot. When the trial court reduced the term of periodic imprisonment from 18 months to 12 months, defendant was immediately released from custody. In general, where the only relief sought is to vacate a sentence, the issue becomes moot when the sentence has been served. *People v. Lieberman,* 332 Ill. App. 3d 193, 195 (2002). However, a case is not moot if a defendant may be subject to collateral legal consequences after serving the sentence. *People v. Cotto,* 49 Ill. App. 3d 382, 386 (1977). Here, defendant argues, and the State agrees, that defendant may be subject to collateral consequences as a result of the challenged sentence. Therefore, we decline to find the issue moot.

Turning to the merits, defendant contends that this case is governed by *People v. Gerdes,* 196 Ill. App. 3d 133 (1990), which held that the Unified Code of Corrections (the Code) (730 ILCS 5/1—1—1 *et seq.* (West 2000)) does not authorize a court to impose periodic imprisonment consecutive to a continuous prison term. The State responds that *Wendt* implicitly overruled *Gerdes* and governs this case.

In *Wendt,* the supreme court concluded that nothing in the Code prohibited a court from sentencing a defendant to a probation term consecutive to a prison term. *Wendt,* 163 Ill. 2d at 354. In affirming the appellate court's holding that such a sentence was authorized, the court observed that the appellate court had disagreed with an earlier case, *People v. Mack,* 133 Ill. App. 3d 788 (1985), that had refused to approve such a sentence. The court then listed several other cases, including *Gerdes,* that had reached the same result as *Mack,* but expressed its agreement with the position taken by the court below. *Wendt,* 163 Ill. 2d at 352. Thus, the State has a firm basis for arguing that *Wendt* overruled *Gerdes.*

Moreover, although the parties somewhat imprecisely refer to defendant's sentence as one of periodic imprisonment, in fact the court sentenced him to a consecutive term of probation, conditioned upon serving a term of periodic imprisonment. Thus, defendant's sentence, prison followed by probation, was precisely the type approved by *Wendt.* Nothing in *Wendt* purports to limit the conditions that a trial court can attach to probation. Section 5—6—3 of the Code specifically permits, without restriction, a term of periodic imprisonment as a condition of probation. 730 ILCS 5/5—6—3(b)(1) (West 2000).

In spite of this, defendant insists that part of the holding of *Gerdes* survives *Wendt.* Defendant concedes that *Gerdes* relied on the rationale of *Mack* that the supreme court expressly rejected. However, he contends that *Gerdes* relied on a second rationale that *Wendt* did not affect.

*Gerdes* cites the council commentary to section 5—7—8 of the Code. That section provides in part that the "service of a sentence of imprisonment shall satisfy any sentence of periodic imprisonment." 730 ILCS 5/5—7—8(a) (West 2000). The council commentary states, "This section adopts a rule of concurrency for most sentences of periodic imprisonment because there seems to be small value in tacking such a sentence onto the beginning or the end of a continuous prison term." 730 ILCS Ann. 5/5—7—8, Council Commentary, at 243 (Smith-Hurd 1997); see also *People v. Lueloff*, 161 Ill. App. 3d 432, 435 (1987).

■ Defendant points out that *Wendt* approved the sentence at issue because it found nothing in the Code prohibiting a probation term consecutive to a prison sentence. Defendant argues that section 5—7—8 does prohibit a consecutive sentence of periodic imprisonment. We disagree for two reasons.

First, section 5—7—8 is entitled "Subsequent Sentences." The first sentence reads in full, "The service of a sentence of imprisonment shall satisfy any sentence of periodic imprisonment which was imposed on an offender for an offense committed prior to the imposition of the sentence." 730 ILCS 5/5—7—8(a) (West 2000). This section, by its express terms, applies only to a prison sentence imposed *after* a sentence of periodic imprisonment. It says nothing about sentences that, as here, were imposed at the same time.

Even if this section applied here, it does not absolutely prohibit a periodic imprisonment term consecutive to a continuous sentence. The council commentary on which defendant relies states that the section prescribes that "most" periodic imprisonment sentences be concurrent. 730 ILCS Ann. 5/5—7—8, Council Commentary, at 243 (Smith-Hurd 1997). Thus, consecutive sentences will be allowed in at least some instances. See 730 ILCS 5/5—7—8(b) (West 2000) (only sentence of more than 90 days will satisfy periodic imprisonment sentence). The provision, as explained by the council commentary, expresses only a legislative judgment that in most cases a periodic imprisonment term tacked onto a straight-time prison sentence will serve little purpose. Here, defendant expressly agreed to the consecutive term to accomplish a specific purpose: his rehabilitation from alcoholism. Nothing in section 5—7—8 purports to prohibit simultaneously imposed consecutive sentences under appropriate circumstances.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON, P.J., and GILLERAN JOHNSON, J., concur.