# Illinois Official Reports

## Appellate Court

---

### *People v. Clendenny*, 2016 IL App (4th) 150215

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDALL T. CLENDENNY, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0215 |
| Filed | January 26, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Calhoun County, No. 13-CF-76; the Hon. John Frank McCartney, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | David E. Leefers (argued), of Leefers Law Offices, of Jacksonville, for appellant.<br><br>Richard Ringhausen, State's Attorney, of Hardin (Patrick Delfino, David J. Robinson, and Julia Kaye Wykoff (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion.<br>Presiding Justice Knecht and Justice Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1    Pursuant to a partially negotiated plea agreement, defendant, Randall T. Clendenny, pleaded guilty to reckless homicide. The trial court sentenced defendant to 30 months' probation, including 18 months' periodic imprisonment as a condition of his probation. Defendant appeals, arguing his sentence is void as excessive because the allowable maximum term of periodic imprisonment under the governing statute was 12 months. We disagree and affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In October 2013, the State charged defendant with reckless homicide, a Class 3 felony (720 ILCS 5/9-3(a), (d)(2) (West 2012)), as a result of his reckless operation of a motor vehicle, which caused the death of his passenger. In May 2014, defendant pleaded guilty to this offense and to a separate misdemeanor driving-under-the-influence (DUI) offense. The DUI offense is not subject to this appeal. Defendant agreed to plead guilty to the charges in exchange for the State's agreement to cap its sentencing recommendation at three years' imprisonment.

¶ 4    In June 2014, the trial court, the Honorable Richard D. Greenlief presiding, conducted a sentencing hearing. The State recommended a sentence of three years in prison. Defendant recommended a sentence of probation. After considering the evidence, the presentence investigation report, letters of recommendation, victim impact statements, recommendations of counsel, defendant's statement in allocution, and factors in aggravation and mitigation, the court sentenced defendant to 30 months' probation with 18 months' periodic imprisonment in the county jail as a condition of his probation. The court agreed to allow defendant to be released for work and for alcohol treatment, and to be present at the birth of his child "for as long as his wife is in the hospital to deliver the child. He should be present when the child is born."

¶ 5    During sentencing, the trial court described the sentence as follows: "It is a combination of probation and periodic imprisonment. Work release is what's known." After pronouncing the sentence, the court referred to the condition interchangeably as "periodic imprisonment" and "work release." The court stated:

        "This way, you support your family. You are going to have the opportunity to at least get the start, not maybe not a very good start until you are through with your periodic imprisonment, but a start on the counseling that you need to address, very clear alcohol problems that you have.

        You need at–because it is periodic and you will need to be released, you need to get an evaluation, and I'll require that within 60 days.

                                    * * *

        Sixty days to get the alcohol and drug evaluation, and you are to follow the recommendations of that evaluation, as far as the treatment that you receive.

        Again, it is going to be difficult for that first 18 months that you are doing periodic to get all that done. But, you are at least going to get a start on it, and you are going to support your family in the process."

¶ 6    The trial court continued:

"What he will need to do is to have the evaluation. He should be released to do that, and once the counseling is there, it will not interfere with work days, and he should submit to the probation office and to the sheriff a proposed schedule for counseling."

¶ 7  Defendant filed a motion to modify the condition of periodic imprisonment, claiming his 18-month term of periodic imprisonment was void in light of section 5-7-1(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-7-1(d) (West 2012)). Defendant argued that section limits the term of periodic imprisonment for employment purposes to 12 months. The trial court, the Honorable John Frank McCartney presiding, denied defendant's motion to modify, finding a work-release program "appears to be far more strict than the sentence imposed in this case. Defendant is allowed out six days per week and is unsupervised other than potential contact with probation." Judge McCartney found Judge Greenlief allowed defendant to be released for purposes of his employment, to obtain an evaluation, to participate in treatment, and for the birth of his child. Accordingly, Judge McCartney noted, "there was flexibility in the execution of the sentence. The sentence does not appear to be part of a county work release program as contemplated by statute. Therefore, the court finds the 18-month periodic imprisonment term was statutorily authorized."

¶ 8  This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10  In this appeal, we must decide whether the trial court's imposition of a term of periodic imprisonment with release for work, treatment, and the birth of defendant's child can be equally compared to participation in a work-release program as contemplated by statute. To begin, we note generally, the trial court is in the best position to determine an appropriate sentence in each case, and a reviewing court will not disturb that sentence unless it appears the trial court abused its discretion. *People v. Anderson*, 325 Ill. App. 3d 624, 637 (2001). That is, a reviewing court gives great deference and weight to the trial court's decision. *Anderson*, 325 Ill. App. 3d at 637. However, our standard of review is different here because we are not reviewing the court's discretionary decision. Instead, we are deciding whether the sentencing judgment is void given the applicable statutory language.

"The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. [Citation.] The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. [Citation.] Where the language is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction. [Citation.] The construction of a statute is a question of law that is reviewed *de novo*. [Citation.]" *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005).

¶ 11  Section 5-7-1 of the Unified Code, the statute governing the terms of periodic imprisonment, provides as follows:

"(a) A sentence of periodic imprisonment is a sentence of imprisonment during which the committed person may be released for periods of time during the day or night or for periods of days, or both, or if convicted of a felony, *** committed to any county, municipal, or regional correctional or detention institution or facility in this State for such periods of time as the court may direct. Unless the court orders otherwise, the particular times and conditions of release shall be determined by the Department of Corrections, the sheriff, or the Superintendent of the house of corrections, who is administering the program.

- 3 -

(b) A sentence of periodic imprisonment may be imposed to permit the defendant to:

(1) seek employment;

(2) work;

(3) conduct a business or other self-employed occupation including housekeeping;

(4) attend to family needs;

(5) attend an educational institution, including vocational education;

(6) obtain medical or psychological treatment;

(7) perform work duties at a county, municipal, or regional correctional or detention institution or facility;

(8) continue to reside at home with or without supervision involving the use of an approved electronic monitoring device, *** or

(9) for any other purpose determined by the court.

***

(d) A sentence of periodic imprisonment shall be for a definite term of *** up to 18 months, or the longest sentence of imprisonment that could be imposed for the offense, whichever is less, for [a Class 3 felony]; however, no person shall be sentenced to a term of periodic imprisonment longer than one year if he is committed to a county correctional institution or facility, *and in conjunction with that sentence participate[s] in a county work release program comparable to the work and day release program* provided for in Article 13 of the Unified Code *** in State facilities." (Emphasis added.) 730 ILCS 5/5-7-1 (West 2012).

¶ 12 In 2001, the Second District considered the same issue defendant raises here. *People v. Ortiz*, 321 Ill. App. 3d 920 (2001). In *Ortiz*, the trial court sentenced the defendant to 30 months' intensive probation. *Ortiz*, 321 Ill. App. 3d at 920. A condition of probation required the defendant to serve 18 months' periodic imprisonment in jail, only to be released for employment and substance-abuse treatment. *Ortiz*, 321 Ill. App. 3d at 920. The defendant appealed, claiming the maximum allowable term of periodic imprisonment was 12 months. *Ortiz*, 321 Ill. App. 3d at 920.

¶ 13 The Second District agreed with the defendant, finding the terms of the defendant's release, namely that he was to be "released only for work and treatment," appeared to be comparable to the work-release program provided for in the Unified Code. *Ortiz*, 321 Ill. App. 3d at 921-22. Therefore, the court reduced the term of periodic imprisonment from 18 months to 12 months. *Ortiz*, 321 Ill. App. 3d at 922.

¶ 14 In 2003, the Second District addressed the issue again, but it found the periodic imprisonment was not comparable to a work-release program. *People v. Reyes*, 338 Ill. App. 3d 619, 621-22 (2003). The court distinguished its holding in *Ortiz* by noting that the trial court in *Reyes*, in its sentencing order, had specifically stated the defendant was *not* participating in a work-release program. *Reyes*, 338 Ill. App. 3d at 622. The court held: "In this case, the sentence imposed was for 18 months of periodic imprisonment with release for work and treatment but not for participation in the work release program. *** Neither *Ortiz* nor section 5-7-1(d) of the [Unified] Code applies to reduce defendant's sentence." *Reyes*, 338 Ill. App. 3d at 622-23.

¶ 15    In line with *Reyes*, we find here, because the record does not indicate defendant's employment was comparable to a county work-release program, his 18-month periodic imprisonment sentence is valid. See *Reyes*, 338 Ill. App. 3d at 622. As the *Reyes* court indicated, the analysis is record-driven. *Reyes*, 338 Ill. App. 3d at 621. That is, nothing in the record before us suggests the trial court contemplated defendant's participation in a program comparable to the work- and day-release programs provided by the Illinois Department of Corrections. See 730 ILCS 5/3-13-1 to 3-13-6 (West 2012).

¶ 16    Indeed, there is a difference between a work-release program and being released to work. The former is an agency-created program, guided by specific parameters and subject to specific rules, sanctions, wages, and working conditions. See, *e.g.*, 730 ILCS 5/3-13-1 to 3-13-6 (West 2012). A work- or day-release prisoner may be allowed to leave an institution only for work, education, or treatment purposes, or for any other purpose "directly related to programs of the Department [of Corrections]." 730 ILCS 5/3-13-2 (West 2012). Defendant's periodic imprisonment conditions are more lenient, as evidenced by the following: (1) defendant was to devise his own "itinerary as to where he's going to be, the time he needs to leave, etc."; (2) Judge Greenlief noted there was "a certain amount of trust that's involved" in defendant's release; (3) defendant would be released to work for six days a week; (4) according to the written order of periodic imprisonment, Judge Greenlief allowed defendant to be released to seek employment, if he was not otherwise employed, for two hours per day; and (5) the written supplemental order allowed defendant's release "to attend the birth [of] his child, and shall cover all times that defendant's wife is in the hospital for purposes of childbirth."

¶ 17    Despite defendant's argument to the contrary, the trial court's reference to the probation condition as "work release" was not indicative of the court's intent to impose a sentence that qualified as a program comparable to a county or state work-release program within the meaning of section 5-7-1(d) of the Unified Code (730 ILCS 5/5-7-1(d) (West 2012)). Rather, our review of the transcript from defendant's sentencing hearing indicates the trial court intended to impose a punitive and oppressive sentence upon defendant, while avoiding a disservice to society and defendant's children. With the imposition of a sentence of probation with periodic imprisonment, the court compelled defendant to work, not only to pay for his own incarceration, but to support his family, while receiving treatment and counseling for his "very clear alcohol problems." Defendant's release was not limited strictly to employment, as he was (1) ordered to participate in an alcohol evaluation and engage in any resulting recommended treatment and/or counseling and (2) allowed to attend the birth of his child and remain with his wife during her hospitalization. Nothing in the record suggests defendant's periodic imprisonment was subject to the terms of, or comparable to, a county- or state-related work-release program. Therefore, we find the 18-month periodic imprisonment term was authorized by statute (730 ILCS 5/5-7-1(d) (West 2012)).

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal.

¶ 20    Affirmed.